IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TROY SIMS and JOHN YOST, individually, and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST HORIZON NATIONAL CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> No.  2:08-CV-02293-JDB-tmp <br><br> Judge S. Thomas Anderson |

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

Defendants hereby move, under Fed. R. Civ. P. 26(c), for an order staying discovery pending resolution of their forthcoming motion to dismiss to be filed by November 24, 2008.  In support of this motion, defendants state as follows:

1. On May 9, 2008, plaintiff Troy Sims filed a first purported class action complaint ("Complaint") against First Horizon National Corporation, various individuals and other entities (collectively "defendants").  That Complaint asserted claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), and sought "to recover losses to the [First Horizon National Corporation Savings] Plan arising from (i) the alleged selection of First Horizon's proprietary First Funds as investment options for the Plan without employing a prudent selection process untainted by conflict, and (ii) the alleged investment of Plan assets in First Horizon Stock when Plan fiduciaries

knew or should have know that material information about the Company's financial problems had not been disclosed." (Cplt. ¶ 1).

2. On July 14, 2008, the parties, through their respective counsel, held a scheduling conference in this matter. As is common in "stock drop" cases filed under ERISA, the parties proposed a scheduling order that contemplated that plaintiff would amend his complaint after receiving statutorily-mandated information about the Plan pursuant to ERISA Section 104, 29 U.S.C. § 1024, and that thereafter defendants would seek to dismiss the amended complaint. (Doc. No. 27). On July 15, 2008, the Court adopted the parties' proposal and entered a Scheduling Order requiring plaintiff to amend his Complaint by September 17, 2008, and defendants to move to dismiss the amended complaint by November 24, 2008. (Doc. No. 27).

3. Pursuant to the Court's scheduling order, plaintiff filed an Amended Complaint on September 17, 2008. The Amended Complaint added a plaintiff, added new defendants, and added new factual allegations. The thrust of the Amended Complaint, however, remained unchanged from the original Complaint – namely, that defendants had breached their fiduciary duties under ERISA by offering company stock and First Funds as investment options under the Plan (compare Amd. Cplt. ¶ 1 with Cplt. ¶ 1).

4. Prior to filing the Amended Complaint, on September 3, 2008, plaintiff served defendants with extensive interrogatories and document requests. Plaintiff's request for production of documents alone consists of 89 document requests with multiple subparts. In addition, that same day, plaintiff served a third-party subpoena on

KPMG, LLP seeking production of broad categories of documents. On September 18, 2008, KPMG, LLP responded to the subpoena by serving objections and refusing to produce any documents to plaintiff until such time as there is a Court-approved protective order in place.

5. Pursuant to Local Rule 7.2(a)(1)(B), on September 26, 2008, undersigned counsel for defendants proposed to plaintiffs' counsel to stay discovery pending resolution of defendants' anticipated motion to dismiss the Amended Complaint. Defendants' counsel explained to plaintiffs' counsel that defendants would seek to dismiss the entire Amended Complaint. Plaintiffs' counsel rejected defendants' proposal. *See* Certificate of Consultation, attached hereto as Exhibit A.

6. Defendants respectfully submit that a stay of discovery pending resolution of defendants' forthcoming dismissal motion is warranted in this case. First, particularly given the complexity of this purported ERISA class action, a stay would serve the interests of judicial economy and avoid unnecessary expense and burden on the Court, defendants and third parties. As plaintiff's initial discovery requests show, discovery in this case will be extensive, expensive and will require the Court's intervention to resolve discovery disputes. Indeed, KPMG has already objected to plaintiff's third-party discovery. By contrast, a stay of discovery will not prejudice plaintiffs. In such circumstances, courts have regularly granted stays of discovery pending resolution of a motion to dismiss. *See e.g.*, *Hahn v. Star Bank,* 190 F.3d 708 (6th Cir. 1999); *Nichols v. Baptist Memorial Hosp., Inc.*, No. 02-2561-MAV, 2004 WL 2905406 (W.D. Tenn. April 2, 2004); *Beadle v. Memphis City Schools,* No. 07-2719 B/P, 2008 WL 1787545

(W.D. Tenn. April 17, 2008); and *Followell v. Mills,* No. 05-2423, 2006 WL 889395 (W.D. Tenn. March 31, 2006).

7. Second, as the Supreme Court recently emphasized, complex cases should be carefully scrutinized at the pleadings stage, precisely to avoid a lengthy and costly discovery process. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007). This is particularly true in "stock drop" cases such as this one, where plaintiffs' Amended Complaint must overcome the presumption that investment in company stock is prudent. *See, e.g., Pugh v. Tribune Co.*, 521 F.3d 686, 702 (7th Cir. 2008) (resolved on the pleadings); *Edgar v. Avaya, Inc.* 503 F.3d 340, 349 (3rd. Cir. 2007) (same); *Wright v. Oregon Metallurgical Corp.* 360 F.3d 1090, 1093 (9th Cir. 2004) (same); *Halaris v. Viacom, Inc.* No. 3:06-CV-1646-N, 2008 WL 3855044, at *3 (N.D. Tex. August 19, 2008) (same); *Mellot v. ChoicePoint, Inc.* 561 F. Supp. 2d 1305, 1315 (N.D. Ga., 2007) (same).

WHEREFORE, for the reasons set forth herein and in the accompanying memorandum of law, defendants respectfully move the Court to stay discovery until such time as it rules on defendants' motion to dismiss and, in so doing, determines whether plaintiffs may proceed with their claims in this lawsuit. In the event the Court denies defendants' motion to stay discovery, defendants respectfully request that the Court grant defendants thirty (30) days from the date of such denial to respond to the interrogatories and requests for production of documents previously served by plaintiff.

4

Dated this 26th day of September, 2008.

    Respectfully submitted,

    Defendants First Horizon National Corporation, et al.

    s/ Thomas F. Hurka

    Charles C. Jackson (*pro hac vice*)
    Sari M. Alamuddin (*pro hac vice*)
    Thomas F. Hurka (*pro hac vice*)
    Morgan, Lewis & Bockius, LLP
    77 West Wacker Drive, 5th Floor
    Chicago, IL 60601
    (312) 324-1000
    thurka@morganlewis.com

    Jef Feibelman Bar No. 7677
    Burch, Porter & Johnson, PLLC
    130 North Court Avenue
    Memphis, TN 38103
    (901) 524-5000
    jfeibelman@BPJlaw.com

    Counsel for Defendants, First Horizon National Corporation, et al.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 26, 2008, a true and correct copy of the foregoing document was served by electronic means through the Court's ECF System on:

>Ellen M. Doyle, edoyle@stemberfeinstein.com
>William T. Payne, wpayne@stemberfeinstein.com
>John Stember, jstember@stemberfeinstein.com
>Stephen M. Pincus, spincus@stemberfeinstein.com
>Joel R. Hurt, jhurt@stemberfeinstein.com
>
>Stember Feinstein Doyle & Payne, LLC
>1705 Allegheny Building
>429 Forbes Avenue
>Pittsburgh, PA 15219
>*Attorneys for Plaintiff*

Signed:  s/ Thomas F. Hurka

DB1/62140405.1