# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TROY SIMS and JOHN YOST, individually, and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIRST HORIZON NATIONAL CORPORATION, et al., <br><br> Defendants. | No. 2:08-CV-02293-JDB-tmp <br><br> Judge S. Thomas Anderson |

## DEFENDANTS' MOTION TO DISMISS COUNT I, AND PORTIONS OF COUNTS III, IV, AND V OF THE AMENDED COMPLAINT

Defendants, First Horizon National Corporation ("FHN"), et al., by their attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6) respectfully submit their Motion to Dismiss Count I, and Portions of Counts III, IV, and V of the Amended Complaint, and respectfully request pursuant to Local Rule 7.2(c) that the Court hold a hearing on the same. In support of their Motion, defendants have attached their Memorandum of Facts and Law and related Appendix, and further state as follows:

1. On September 17, 2008, plaintiffs filed a five-count Amended Complaint setting forth a purported class action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The named plaintiffs are alleged participants in the First Horizon National Corporation Savings Plan ("Plan"). Plaintiffs allege that defendants are Plan fiduciaries who breached their fiduciary duties to the Plan and its participants in violation of ERISA. Specifically, plaintiffs contend that FHN stock "was an imprudent retirement investment from at

least January 1, 2006" because of FHN's "increased exposure to losses from subprime and Alt-A mortgages, residential construction loans, residential retail loans, and other problem lending, and its incomplete and inaccurate public disclosures of these and other exposures." (Am.Compl. Intro. at 3 & ¶ 3.)

2. The claims directed at FHN stock, fail to state a claim upon which relief can be granted.[1] In Count I, plaintiffs contend that defendants acted imprudently by not taking various steps to diversify the Plan's investment in FHN stock. (*See* Am.Compl. ¶¶ 163-64.) Count I fails to state a claim for two reasons. First, amending the Plan's matching provisions or removing FHN stock as an investment option, as plaintiffs suggest, would have required a formal Plan amendment – conduct that, as a matter of law, does not implicate ERISA's fiduciary duties.

3. Second, to the extent fiduciary conduct is challenged, Count I fails because the allegations on which it is based cannot overcome the strong judicial presumption that investment in FHN stock remained prudent throughout the alleged class period. *See Kuper v. Iovenko*, 66 F.3d 1447, 1459 (6th Cir. 1995).

4. In Count III, plaintiffs allege that defendants breached their disclosure obligations under ERISA Section 404(a) by "conveying incomplete and inaccurate information about the soundness of First Horizon Stock and the Company Stock Fund as a retirement investment." (Am.Compl. ¶ 175.) This claim also fails as a matter of law. First, the disclosures plaintiffs attack were corporate rather than fiduciary ones, and therefore cannot give rise to a claim under ERISA. Second, ERISA Section 404(a) does not impose some generalized obligation to notify participants of business developments which may affect the value of the employer's stock.

---

[1] In Counts II-V of their Amended Complaint, plaintiffs also target the Plan's discontinued investments in FHN's proprietary mutual funds ("First Funds"), which they contend were an imprudent investment from May 1, 2002, until "early in 2006," because these funds were selected to generate fees to FHN and its affiliates, and to help

Plaintiffs' contrary view has been rejected by the Supreme Court, the Sixth Circuit, and numerous other courts of appeals. Third, even if such a duty existed under ERISA, plaintiffs have failed to allege *how* the alleged fiduciaries learned of the supposed untold nature of FHN's credit risks. Finally, disclosure of such information to participants would have violated securities laws – something ERISA neither requires nor condones.

5. Plaintiffs' claims in Counts IV and V, that certain defendants failed to monitor other fiduciaries and that all defendants are liable for co-fiduciary breaches, respectively, are derivative of Counts I and III. Accordingly, Counts IV and V, insofar as they are directed at FHN stock, likewise fail to state a claim upon which relief can be granted.

6. Defendants respectfully request that the Court hold a hearing on defendants Motion.

WHEREFORE, for all of the foregoing reasons and those set forth in the attached Memorandum of Facts and Law, defendants respectfully request that the Court dismiss with prejudice Count I, and Counts III, IV, and V, insofar as they are directed at FHN stock.

Respectfully submitted,

First Horizon National Corporation, et al.

s/ Sari M. Alamuddin
Counsel for Defendants

Charles C. Jackson (*pro hac vice*)
Sari M. Alamuddin (*pro hac vice*)
Thomas F. Hurka (*pro hac vice*)
Christopher J. Boran (*pro hac vice pending*)
Morgan, Lewis & Bockius, LLP
77 West Wacker Drive, 5th Floor

Jef Feibelman
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
(901) 524-5000

---

maintain the viability of the funds. (*See, e.g.,* Am.Compl., Intro. at 2; Am.Compl. ¶¶ 3, 170, 176, 184, 191-93.) Defendants have separately moved for summary judgment with respect to those claims.

jfeibelman@BPJlaw.com

*Local Counsel for Defendants*

Chicago, IL 60601  
(312) 324-1000  
salamuddin@morganlewis.com

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 21, 2008, a true and correct copy of the foregoing document was served by electronic means through the Court's ECF System to:

>Ellen M. Doyle, edoyle@stemberfeinstein.com
>William T. Payne, wpayne@stemberfeinstein.com
>John Stember, jstember@stemberfeinstein.com
>Stephen M. Pincus, spincus@stemberfeinstein.com
>Joel R. Hurt, jhurt@stemberfeinstein.com
>
>Stember Feinstein Doyle & Payne, LLC
>1705 Allegheny Building
>429 Forbes Avenue
>Pittsburgh, PA 15219
>*Attorneys for Plaintiff*

Signed:  s/ Sari M. Alamuddin