IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| TROY SIMS and JOHN YOST,  ) | |
| individually, and on behalf of all others  ) | |
| similarly situated,  ) | |
| ) | |
| Plaintiffs,  ) | |
| v.  ) | No. 08-2293-STA-cgc |
| ) | |
| FIRST HORIZON NATIONAL CORP., et al.,  ) | |
| ) | |
| Defendants.  ) | |

_____

**ORDER OVERRULING IN PART, SUSTAINING IN PART DEFENDANTS'
OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER AND ORDER DENYING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Before the Court are Defendants' Objections to the Magistrate Judge's Order Granting in Part, Denying in Part Defendants' Motion to Stay Discovery and Order Granting in Part, Denying in Part Plaintiffs' Rule 56(f) Motion for Discovery ("the Order") (D.E. # 77) filed on May 14, 2009.  Plaintiffs have filed a response (D.E. # 78) on May 27, 2009.  For the reasons set forth below, the Objections are **OVERRULED IN PART,  SUSTAINED IN PART**. Defendants' Motion for Summary Judgment is **DENIED**.

**BACKGROUND**

The parties have not contested the Magistrate Judge's findings of fact.  Therefore, the Court will re-state those findings, which were as follows:

*a. Factual Background*

1

On May 5, 2009, Plaintiffs brought this class action to recover losses to the First Horizon Corporation Savings Plan ("Plan") in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et. seq.  First, Plaintiffs allege that Defendants unlawfully selected First Horizon National Corporation's ("First Horizon") proprietary First Funds as an investment option for the Plan without employing a prudent selection process untainted by conflict.  Secondly, Plaintiffs allege that Defendants unlawfully invested Plan assets in First Horizon stock when Plan fiduciaries knew or should have known that material information about the company's financial problems had not been disclosed.

On July 14, 2009, the Court held a scheduling conference in this matter.  The Court permitted Plaintiffs to amend their complaint by September 17, 2008, at which time Plaintiffs would have received certain statutorily mandated information about the Plan.  The Court allowed Defendants to file a motion to dismiss no later than November 24, 2008.

On September 3, 2008, before the Amended Complaint was filed, Plaintiffs served Defendants with interrogatories and requests for production and served a third-party subpoena on KPMG, LLP.  On September 17, Plaintiffs timely filed the Amended Complaint.  On September 26, 2008, Defendants proposed a stay of discovery pending resolution of Defendants' anticipated dispositive motions regarding the yet-to-be-filed Amended Complaint.  Plaintiffs did not consent to a stay of discovery.  Accordingly, Defendants filed the instant Motion to Stay.

On October 21, 2008, Defendants filed a Motion to Dismiss, which includes thirty-one exhibits, and a Motion for Partial Summary Judgment, which includes twenty-four exhibits. (D.E. #41, #43).  On December 9, 2008, Plaintiffs filed a Motion for Discovery and Supplemental Brief in Opposition to Defendants' Motion to Stay, asserting that the Court should

require Defendants to respond to the discovery requests before the Court rules upon the pending dispositive motions.

### *b. Amended Complaint*

The Amended Complaint alleges five Claims for Relief: (1) failure to prudently and loyally manage the Plan's investment in First Horizon Stock in violation of ERISA § 404, 29 U.S.C. § 1104 (Count I); (2) breaches of duties of loyalty and prudence by causing the Plan to invest in First Funds in violation of ERISA § 404, 29 U.S.C. § 1104 (Count II); (3) failure to provide complete and accurate information to participants and beneficiaries in violation of ERISA § 404, 29 U.S.C. § 1104 (Count III); (4) failure to monitor the Plan's fiduciaries in violation of ERISA § 404, 29 U.S.C. § 1104(a)(1) (Count IV); and, (5) breach of co-fiduciary duties in violation of ERISA § 405, 29 U.S.C. § 1105 (Count V).

### *c. Motion to Dismiss*

Defendants' Rule 12(b)(6) Motion to Dismiss asserts that Count I and portions of Counts III, IV, and V of the Amended Complaint fail to state a claim upon which relief can be granted. As to Count I, Defendants assert that (1) amending the Plan's matching provisions or eliminating the employee stock ownership plan ("ESOP") are settlor functions not subject to fiduciary review, and (2) that Plaintiffs allegations fail to overcome the strong presumption that the decision to remain invested in employer stock was prudent.  Def.'s Mot. to Dismiss at 13-22.  As to Count III, Defendants contend that (1) none of the public filings or disclosures alleged in the Amended Complaint were made in a fiduciary capacity, (2) there is no general duty to disclose business risks under ERISA, (3) Plaintiffs have not sufficiently alleged that Defendants had knowledge of any allegedly inadequate disclosures, and (4) Defendants cannot use material, non-

3

public information in violation of securities laws. As to Count IV and V, Defendants assert that these claims are derivative of Counts I and III and are premised on the assertion that First Horizon Stock was not a prudent investment for the Plan. Thus, as Defendants assert that there can be no finding of imprudence or fiduciary non-disclosure, that Counts IV and V should be dismissed on this basis. In support of the Motion to Dismiss, Defendants attach thirty-one exhibits.

### *d. Motion for Summary Judgment*

Defendants' Motion for Summary Judgment asserts that Count II and portions of Counts III, IV, and V of the Amended Complaint fail as a matter of law. First, Defendants assert that ERISA § 404(c) safe harbor shields Defendants against Plaintiffs' breach of fiduciary duty claims relating to the First Funds. Defendants contend that the Plan meets the Department of Labor's ("DOL") regulatory criteria to qualify as a Section 404(c) plan because (1) the Plan is an individual account plan, (2) the Plan provides participants an opportunity to exercise control over the assets in their individual accounts, and (3) the Plan provides participants an opportunity to choose from a broad range of investment alternatives. Def.'s Mot. for Summ. J. at 9-16.

Additionally, Defendants contend that Plaintiffs cannot avoid summary judgment by relying on the invalid commentary of the Secretary of Labor on the scope of Section 404(c), because (1) the DOL's emphasis on who makes the initial investment selection flatly misstates the statutory text which addresses whether a participant "exercises control over the assets in his or her account, and (2) the DOL's position also reads the "any loss" and "any breach" language right out of Section 404(c)'s text. Finally, Defendants contend that Counts IV and V are derivative of Counts II and III because they are premised on assertions that Defendants failed to

prudently select and provide complete and accurate information regarding First Funds.  Because Defendants assert that they fully complied with Section 404(c)'s disclosure obligations and because Section 404(c) shields them from any liability relating to the selection and continued offering of the First Funds, that Counts IV and V must be dismissed along with Counts II and III.  In support of the Motion for Summary Judgment, Defendants attach twenty-four exhibits.

### *e. Defendants' Motion to Stay*

Defendants' Motion to Stay Discovery asserts that the Court should stay discovery until the dispositive motions are determined.  First, Defendants contend that the Court should stay discovery because it would promote judicial economy, avoid unnecessary expense, and not unduly prejudice the parties. Def.'s Memo. in Support of Mot. to Stay at 5-8.  Next, Defendants assert that the Supreme Court requires that complex cases should be carefully scrutinized at the pleadings stage to avoid the unnecessary expense of costly discovery. *Id*. at 8-11.

### *f. Plaintiffs' Motion for Discovery*

Plaintiffs' Motion for Discovery asserts that they require discovery because the documents and fact witnesses that bear on what the Defendants' fiduciaries did and failed to do to protect the Plan are almost exclusively within Defendants' control. Pl.'s Mot. for Discovery at 2.  Specifically, Plaintiffs seek discovery on four fundamental points: (1) whether the Plan in fact complied with ERISA § 404(c) insofar as it pertains to First Horizon's proprietary funds; (2) whether the Plan complied with ERISA § 404(c) as it pertains to company stock; (3) whether the defendant fiduciaries imprudently selected and retained the proprietary funds for the benefit of First Horizon and not Plan participants so that summary judgment as to claims challenging the investment of First Funds should be denied; and (4) whether the defendant-fiduciaries

imprudently invested in First Horizon stock given First Horizon's financial problems, about which the defendant-fiduciaries knew or should have known. *Id*.

## STANDARD OF REVIEW

Defendants have filed timely objections to the Magistrate Judge's Order. Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as discovery motions and motions to stay.[1] Fed. R. Civ. P. 72(a) states that a district judge shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[2] "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"[3]

## ANALYSIS

---

[1] *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[2] Fed. R. Civ. P. 72(a); *Bell v. International Broth. of Teamsters*, 1997 WL 103320, *4 (6th Cir. 1997).

[3] *Doe v. Aramark Educational Resources, Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

Defendants object to the Magistrate Judge's Order where the Magistrate Judge apparently converted Defendants' motion to dismiss pursuant to Rule 12(b)(6) to a motion for summary judgment. Defendants further object to the Magistrate Judge's Order in so far as the Order permits Plaintiffs discovery under Rule 56(f) which was beyond the scope of issues needed to respond to Defendants' motion for summary judgment. Specifically, Defendants argue that the Magistrate Judge failed to offer reasons why Plaintiffs are entitled to discovery concerning (1) "whether the defendant-fiduciaries imprudently selected and retained proprietary funds for the benefit of First Horizon and not Plan participants so that summary judgment as to claims challenging the investment of First Funds should be denied"; (2) "whether the Plan complied with ERISA § 404(c) as it pertains to company stock"; (3) "whether the Plan in fact complied with ERISA § 404(c) as it pertains to First Horizon's proprietary funds [i.e. the First Funds]."

### *I. Converting the Motion to Dismiss to a Motion for Summary Judgment*

Defendants object to that portion of the Order where the Magistrate Judge seemingly converted Defendants' motion to dismiss to a motion for summary judgment. The Magistrate Judge quoted Fed. R. Civ. P. 12(d) in support:

> If, on a motion under Rule 12(b)(6)..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Having determined that conversion of Defendants' motion to dismiss was appropriate under the circumstances, the Magistrate Judge granted Plaintiffs additional discovery pursuant to Rule56(f) for the purpose of responding to both Defendants' motion for summary judgment and motion to dismiss. Defendants argue that while it is true that they included thirty-one exhibits with their

7

motion to dismiss, the Motion must still be considered under Rule 12(b)(6) because the exhibits are all referred to or relied on in the Complaint and are properly considered part of the pleadings. Plaintiffs point out that of the thirty-one exhibits to the motion to dismiss, fourteen were not quoted or referenced in the Complaint. The parties do not dispute that seventeen of the exhibits are in fact referenced in the Complaint.[4] Plaintiffs further argue that their claims are fact-intensive and therefore not appropriate for resolution in a Rule 12(b)(6) motion.

To the extent that the Magistrate Judge converted Defendants' motion to dismiss, the Court finds that the Magistrate Judge's ruling was contrary to law and clearly erroneous. As the Motion to Dismiss is a dispositive matter under 28 U.S.C. § 636(b)(1)(A), this Court may refer such questions to the Magistrate Judge for a report and recommendation only, not determination.[5] The specific issue of whether to convert a motion to dismiss to a motion for summary judgment was not properly before the Magistrate Judge pursuant to the Court's order of reference. The Court finds that the court deciding the motion should retain discretion over whether to convert a Rule 12(b)(6) motion and consider exhibits outside of the pleadings in reaching its decision on the motion. Therefore, it was contrary to law for the Magistrate Judge to convert the Motion to Dismiss to one for summary judgment.[6]

Furthermore, Plaintiffs cite authority for the proposition that claims such as the claims

---

[4] Many of the remaining exhibits are articles concerning the recent crisis affecting banking institutions and speeches and statements from Ben Bernanke, the Chairman of the Federal Reserve Board. Plaintiffs go on to argue that articles appearing in periodicals are not the type of record of which courts typically take judicial notice. And even when a court takes notice of a document, it does so only to establish the document's existence and not for the truth of the matters asserted in the document.

[5] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

[6] *Jackson v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008).

Defendants seek to dismiss in their Motion should not be decided on a motion to dismiss.[7] Without addressing the merits of this argument, the Court is not persuaded that even if an accurate statement of the law that this constitutes good grounds for denying a stay and permitting limited discovery under Rule 56(f).  On the contrary, this is precisely the kind of legal argument Plaintiffs could raise in opposition to the Motion to Dismiss.  Therefore, the Court holds that Plaintiffs are not entitled to additional discovery prior to responding to Defendants' Motion to Dismiss.   Plaintiffs are hereby ordered to respond to Defendants' Motion to Dismiss within thirty (30) days of the entry of this Order.

## *II. Scope of Plaintiff's Discovery Pursuant to Rule 56(f)*

Defendants next object that the Magistrate Judge's Order permits Plaintiffs discovery on substantially all of the issues presented in this case and so impermissibly exceeds the scope of limited discovery Plaintiffs need to prepare a response to Defendants' Motion for Summary Judgment.  According to Defendants, the Magistrate Judge accepted without scrutiny Plaintiffs' contentions about the issues on which Plaintiffs were entitled to discovery.  Due to the broad categories of discovery Plaintiffs seek in their Rule 56(f) Motion, Defendants argue that the Magistrate Judge's Order did not provide adequate guidance on the limits of the discovery granted.  Plaintiffs respond that Defendants' motion for summary judgment is "based on the affirmative defense that the Plan meets all of the requirements of ERISA § 404(c)", the Act's

---

[7] Pls.' Resp. to Defs.' Objs. (D.E. #78) 18-20, May 27, 2009.  *See also* Pls.' Resp. to Mot. to Stay (D.E. # 35) 4-5, Sept. 29, 2008.

"safe harbor" provision.[8] Plaintiffs contend that this issue is a mixed question of law and fact for which additional discovery is required. Plaintiffs cite a number of cases for the proposition that motions for summary judgment on the "safe harbor" issue are better resolved after discovery and not early in the litigation.

The Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law as to this issue. The Sixth Circuit has developed the following relevant factors for the courts to consider when addressing a Rule 56(f) motion: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests.[9] While the Magistrate Judge did not consider these factors, the Court finds that all of them, particularly the length of the discovery period, weigh in favor of granting Plaintiffs' motion for additional discovery.

Defendants do not object to limited additional discovery. Defendants do object, however, to the scope of the issues upon which the Magistrate Judge's Order permitted discovery. While it is true that Plaintiffs sought and the Magistrate Judge granted extensive discovery on the Rule 56(f) motion, Defendants' motion for summary judgment is extensive in its own right. Defendants take aim at Plaintiffs' allegations concerning the First Funds investments and seek the dismissal of Count II and portions of Counts III, IV, and V of the

---

[8] Pls.' Resp. to Defs.' Objs. (D.E. #78) 4-5, May 27, 2009.

[9] *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).

Amended Complaint.  Not only does the Amended Complaint number sixty-five (65) pages in this case, Defendants' Motion and memorandum total thirty-four (34) pages, their statement of undisputed facts go twenty-seven (27) pages, and Defendants' twenty-four (24) exhibits exceed seven hundred (700) pages of documents.  The Court finds that the scope of the Motion for Summary Judgment is quite broad and as a result the need for responsive discovery must also be broad.  Furthermore, Defendants' Motion for Summary Judgment taken together with their Motion to Dismiss, both of which were filed on the same day, essentially seek the dismissal of the entire Amended Complaint.  Defendants chose to file the Motion for Summary Judgment early in the discovery process (and only five months after the filing of the original Complaint) and initially resisted any additional discovery for Plaintiffs.  Although the Court appreciates Defendants' concern to avoid the expense associated with this kind of discovery, the Court finds that under the circumstances Defendants' objections about the scope of discovery are without merit.

However, in recognition of the potential time and expense involved in conducting such discovery and due to the Court's ruling that Plaintiffs must now respond to the Motion to Dismiss without further discovery, the Court will grant in part Defendants' Motion to Stay.  To avoid needless discovery as to issues which may not survive Defendants' Motion to Dismiss, the Court will grant a stay of discovery only until the Court rules on the Motion to Dismiss.  Consistent with the Court's ruling that Plaintiffs shall respond to the Motion to Dismiss within thirty (30) days of the entry of this Order, Defendants' Motion to Stay discovery will be granted pending a ruling on the Motion to Dismiss.

Furthermore, the Court recognizes that discovery in this case will be extensive.  Even if

the Court granted Defendants' Motion to Dismiss in its entirety, Plaintiffs at the very least will be entitled to discovery needed to respond to Defendants' Motion for Summary Judgment. As previously noted, this discovery will be by no means insignificant. On the other hand, should any part of Plaintiff's claims survive the Motion to Dismiss, then Plaintiffs will also be entitled to discovery as to those claims as well as the issues raised in the Motion for Summary Judgment. In either event, discovery in this case will be substantial. Thus, the Court finds that the duration of discovery including document production, depositions, and the resolution of possible discovery disputes makes the current discovery deadline of October 16, 2009 unrealistic.[10] Therefore, the parties are ordered to confer and propose a joint amended scheduling order to the Court within ten (10) days of the entry of the Court's order on Defendants' Motion to Dismiss.

Finally, in light of the as-yet-undetermined scope and length of the discovery process ahead, the Court holds that Defendants' Motion for Summary Judgment should be denied without prejudice to re-file after appropriate discovery is complete. Pursuant to Rule 56(f), the Court may (1) deny the motion for summary judgment; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.[11] The Court finds that the best course is to deny Defendants' Motion under the circumstances. First, discovery in this case had only begun when Defendants filed the

---

[10] Defendants argue in their motion to stay that one discovery dispute involving a third party has already arisen. Def.'s Mot. to Stay Discovery, Sept. 26, 2008.

[11] Fed. R. Civ. P. 56(f). The Court recognizes that Congress has substantially amended Rule 56 to eliminate this paragraph of the Rule entirely. However, the new version of Rule 56 does not take effect until December 1, 2009. Therefore, this provision remains the law this Court must apply.

Motion to Stay and then followed that with the Motion to Dismiss and the Motion for Summary Judgment. It is clear that Plaintiffs have not had sufficient opportunity to develop facts "essential to justify [their opposition] to the motion for summary judgment." The Court agrees with the Magistrate Judge that Plaintiffs are entitled to additional discovery prior to responding to the Motion for Summary Judgment. Second, other district courts in this circuit have commonly denied early-filed, pre-discovery motions for summary judgment pursuant to Rule 56(f) for the purpose of allowing the parties a more complete opportunity for discovery and in cases presenting far less complex factual and legal issues than those which this case presents.[12] As a result, the Court believes that the complexity of this case more than justifies a full opportunity for discovery prior to taking up Defendants' Motion for Summary Judgment. Third, the Court has already explained the practical difficulties in framing the limits of discovery prior to ruling on Defendants' Motion to Dismiss. Because the Court has decided to stay discovery pending its ruling on the Motion to Dismiss, it would be futile and inefficient to define the limits of the discovery to which Plaintiff would be entitled before the Court has determined what issues have survived the Motion to Dismiss. Indeed if the Court granted the Motion to Dismiss, apparently the only discovery left in this case would be the discovery Plaintiffs need to respond to the Motion for Summary Judgment. For these reasons, the Court denies the Motion for Summary Judgment without prejudice to re-file at a later time.

---

[12] *Bryson v. Middlefield Volunteer Fire Dept., Inc.*, 546 F. Supp. 2d 527 (N.D. Ohio 2008) (Title VII claims); *Huckleberry v. Kellogg, Co.*, 2008 WL 728330 (S.D. Ohio 2008) (Title VII); *Sayler v. Honda of America Mfg., Inc.*, 2005 WL 2338786 (S.D. Ohio 2005) (FMLA) *Welty v. Honda of America Mfg., Inc.*, 411 F. Supp. 2d 824 (S.D. Ohio 2005) (FMLA); *Classic Refinery, Inc., v. United States*, 1998 WL 667 899 (E.D. Tenn. 1998) (discharge of federal tax lien); *Montgomery v. Jones Chemicals, Inc.*, 1995 WL 523617 (N.D. Ohio 1995) (antitrust and civil RICO violations).

## **CONCLUSION**

The Court holds that the Magistrate Judge's decision to treat the Motion to Dismiss as a motion for summary judgment was contrary to law, and so Defendant's Objection to that portion of the Order is **SUSTAINED**. Therefore, Plaintiffs are ordered to respond to the Motion to Dismiss within thirty (30) days of the entry of this Order. Additionally, the parties are hereby directed to submit a revised discovery plan to the Court within ten (10) days of the Court's ruling on Defendants' Motion to Dismiss.

The Court holds that the Magistrate Judge's order permitting Plaintiffs additional discovery under Rule 56(f) was not contrary to law. Therefore, Defendants' Objections to those portions of the Magistrate Judge's Order are **OVERRULED**.

Finally, Defendant's Motion for Summary Judgment is **DENIED** without prejudice due to Plaintiffs' need for discovery as well as the need to develop a more detailed discovery plan following the Court's ruling on the Motion to Dismiss.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 23rd, 2009.