IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **TROY SIMS and JOHN YOST,** individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) No. 08-2293-STA-cgc |
| **FIRST HORIZON NATIONAL CORP., et al.,** | ) ) ) |
| Defendants. | ) |

_____

### ORDER GRANTING DEFENDANTS' MOTION FOR CERTIFICATE OF APPEALABILITY
_____

Before the Court is Defendants' Motion to Certify the Court's September 30 Order for Interlocutory Appeal (D.E. # 95) filed on October 23, 2009. Plaintiffs filed a response in opposition (D.E. # 96) on November 3, 2009. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

On September 3, 2009, the Court denied in part Defendants' motion to dismiss some of Plaintiffs' Amended Complaint for failure to state a claim. Among other things the Court held that Plaintiffs had properly stated a claim in Count I that Defendants breached their fiduciary duty by continuing to invest Plan assets in First Horizon stock when it was no longer prudent to do so. The Court specifically rejected Defendants' contention that Plaintiffs must satisfy a heightened pleading standard to overcome the presumption that a fiduciary's decision to remain invested in employer securities is presumed to be reasonable. In *Kuper v. Iovenko*, the Sixth

1

Circuit held that a plaintiff "may rebut the presumption by showing that a prudent fiduciary acting under similar circumstances would have made a different investment decision."[1] The Court concluded that the *Kuper* presumption is an evidentiary, and not a pleading, standard.[2] The Court went on to hold that Plaintiffs had stated a plausible claim for breach of fiduciary duty by continuing to invest Plan assets in First Horizon stock.

In the Motion before the Court, Defendants request that the Court certify a single question of law for interlocutory review by the Sixth Circuit, namely, whether the presumption of prudence recognized by the Sixth Circuit in *Kuper v. Iovenko* should be applied by a district court when considering a motion to dismiss ERISA stock claims under Fed. R. Civ. P. 12(b)(6). Defendants argue that all of the conditions for interlocutory appeal set forth in 28 U.S.C. § 1292(b) are satisfied in this case. First, the Court's September 30 Order and its ruling on the *Kuper* presumption at the pleading stage involves a controlling question of law. According to Defendants, the question will materially affect the outcome of the litigation. In support Defendants cite a number of decisions dismissing similar breach of fiduciary claims for a plaintiff's failure to overcome the presumption of reasonableness that attaches to a fiduciary's

---

[1] 66 F.3d 1447, 1459 (6th Cir. 1995).

[2] *In re The Goodyear Tire & Rubber Co. ERISA Litig.*, 438 F.Supp.2d 783, 793-94 (N.D. Ohio 2006); *In re Ferro Corp. ERISA Litig.*, 422 F. Supp. 2d 850, 864 (N.D. Ohio 2006)*; In re CMS Energy ERISA Litigation,* 312 F. Supp. 2d 898, 914 (E.D. Mich. 2004); *Rankin v. Rots,* 278 F. Supp. 2d 853 (E.D. Mich. 2003). *Accord Tullis v. UMB Bank, N.A.*, 515 F.3d 673, 681 (6th Cir. 2008) (rejecting heightened pleadings requirements in ERISA cases that "would elevate form over substance"). The Court notes that in many of these cases, there was a more fundamental dispute about whether the plans in question were ESOPs at all. It is undisputed in the case at bar that this plan is an ESOP. As a result, neither party disputes that the *Kuper* presumption will apply in this case or that Plaintiffs will bear the burden in this case to show that "a prudent fiduciary acting under similar circumstances would have made a different investment decision."

decision to remain invested in employer securities.  Defendants further argue that the new pleading standards announced in *Twombly* and *Iqbal* have altered the precedential value of earlier cases decided prior to *Twombly* where courts did not require a heightened pleading standard.  Defendants contend that the issue is controlling because it constitutes a "substantial" or even "dominant" portion of Plaintiffs' claims.

Next, Defendants argue that there is substantial ground for difference of opinion on the issue.  The Sixth Circuit has never ruled on whether the *Kuper* presumption should apply to the pleadings.   Defendants distinguish decisions from other districts within the Sixth Circuit where many of those rulings came before *Twombly* or included legal disputes about whether the plans at issue were even employer stock ownership plans ("ESOPs").  Defendants cite a number of decisions from other districts that have held that a presumption of reasonableness should apply at the pleadings stage.

Finally, Defendants contend that certification of an interlocutory appeal will materially advance the litigation's ultimate conclusion, particularly at an early stage in the litigation before the parties have expended significant amounts of resources.  Defendants state that a ruling on the applicability of the *Kuper* presumption would "dramatically shrink" the scope of this case due to the fact that Plaintiffs' stock claims "dwarf" the First Fund claims.

Plaintiffs have responded in opposition to Defendants' Motion.  Plaintiffs note that interlocutory appeals of this nature are disfavored as a general matter.  As for the factors under 28 U.S.C. § 1292(b), Plaintiffs argue that Defendants have failed to establish that the applicability of the *Kuper* presumption is a controlling question of law.  Plaintiffs state that even if the Sixth Circuit ruled in Defendants' favor, any dismissal of Plaintiffs' Amended Complaint

3

should be without prejudice. Plaintiffs would thereby have the opportunity to amend their complaint to plead their breach of fiduciary duty claims as to First Horizon stock with greater specificity. Even if the Sixth Circuit ruled that the *Kuper* presumption applied at the pleadings stage, Plaintiffs argue that the Court's September 30 Order rejected Defendants' argument that Plaintiffs must plead the impending collapse of the company in order to state the claim in Count I. With respect to the second § 1292(b) factor, Plaintiffs argue that the great weight of authority within the Sixth Circuit is in harmony with the Court's Order. Plaintiffs cite twelve decisions from other district courts within the Circuit that have declined to apply the *Kuper* presumption at the pleadings stage; whereas, Defendants cite only one such case applying the presumption at the 12(b)(6) stage and dismissing the claim. Plaintiffs then argue that it cannot be said that there is substantial grounds for a difference of opinion on the issue within the Sixth Circuit. Finally, Plaintiffs contend that an interlocutory appeal would not materially advance the termination of the litigation. As Plaintiffs argued concerning the first § 1292(b) factor, a ruling from Sixth Circuit that the *Kuper* presumption did apply to pleadings would not lead to the dismissal of Plaintiff's claim. According to Plaintiffs, this Court has held that Plaintiffs need not plead dire circumstances in order to overcome the *Kuper* presumption, and even if the Amended Complaint did not state a claim, Plaintiffs should be granted leave to amend their pleadings. Plaintiffs further note that dismissal of their stock claims in Count I would not result in the termination of the litigation. All of Plaintiffs claims relating to the First Funds would proceed. Continuing with discovery as to the First Funds claims while staying discovery as to the stock claims during an interlocutory appeal would result in inefficiency and delay. For example, Plaintiffs argue that the case could potentially require two separate sets of depositions involving at least twenty-nine

individuals. Therefore, the Court should decline to certify the issue for interlocutory appeal.

## ANALYSIS

Under 28 U.S.C. § 1292(b), interlocutory appeal is appropriate when (1) the district court's order involves a controlling question of law; (2) there is a substantial ground for difference of opinion as to the correctness of the order, and (3) an immediate appeal from the order would materially advance the litigation's ultimate termination.[3] Review under § 1292(b) is granted sparingly and only in exceptional cases.[4] Based on these factors, the Court concludes that an interlocutory appeal of its September 30 Order would be appropriate.

**I. Controlling Question of Law**

A legal issue is controlling if it could materially affect the outcome of the case.[5] For example, an issue is controlling if its resolution could dispose of claims against a party.[6] An issue is controlling if a reversal of the district court's holding on that question on appeal could result in reversal of the Court's final judgment.[7] However, the resolution of the issue need not terminate the case.[8] It is undisputed that under the circumstances the resolution of the pleading

---

[3] *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

[4] *Kraus v. Bd. of County Rd. Comm'rs,* 364 F.2d 919, 922 (6th Cir.1966).

[5] *In re City of Memphis*, 293 F.3d at 351.

[6] *Black & Decker (US), Inc. v. Smith*, No. 07-1201, 2008 WL 3850825, at *2 (W.D. Tenn. Aug. 13, 2008).

[7] *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000).

[8] *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992); *Smith*, 2008 WL 50825, at *2.

standard as to some of Plaintiffs' claims in Count I will not terminate the case. However, it is also undisputed that the pleading issue could lead to the dismissal of the stock claims in Count I. Therefore, the Court holds that the application of the *Kuper* presumption at the pleadings stage is a controlling legal issue in this case because that issue could materially affect the outcome of the case.

Plaintiffs argue that the pleadings issue cannot be controlling because even if the Sixth Circuit adopted a heightened pleading requirement and it was determined that Plaintiffs' Amended Complaint did not satisfy the requirement, Plaintiffs could still seek leave to amend the claim in order to meet the standard. However, this argument goes to whether the pleadings issue would result in the ultimate termination of the suit and so is more properly addressed to the third factor under § 1292(b). Concerning controlling issues, the Sixth Circuit has held that questions such as the admissibility of evidence subject to review under an abuse of discretion standard do not create legal issues for purposes of § 1292(b).[9] Although the Sixth Circuit did not hold that all legal issues reviewed *de novo* are controlling under § 1292(b), the Court finds that such issues, which are dispositive like those raised in a motions to dismiss, by their very nature would appear to be controlling. Therefore, the Court concludes that the pleadings issue addressed in its September 30 Order is a controlling question of law.

**II.    Substantial Ground for Difference of Opinion**

A substantial ground for a difference of opinion exists when "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the

---

[9] *Id.*

circuits are split on the issue."[10] The Court finds that the first factor is not relevant in this case as it is clear that the pleadings issue raised by Defendants is not one of first impression. The Court noted in its September 30 Order that many district courts in the Sixth Circuit have considered the same issue.[11] The same cases are largely in agreement that the *Kuper* presumption does not create a heightened pleading standard for breach of fiduciary duty claims against ESOPs. The Court cited many of these cases in its previous Order and Plaintiffs have added more citations to the list in their response brief. However, other courts within the Circuit and around the country have reached a different conclusion on the same issue.[12] Defendants have cited several cases, including opinions from other Circuit Courts of Appeals, that take a position contrary to the one the Court adopted in its September 30 Order, including a recent case from another district court in this Circuit.[13] Based on the divergent views of the controlling issue, the Court finds that this factor for interlocutory appeal is satisfied.

---

[10] *Gaylord Entm't Co. v. Gilmore Entm't*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001) (citing *W. Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F. Supp. 2d at 1015, 1019.

[11] Order Granting in Part, Denying in Part Motion to Dismiss, Sept. 30, 2009, 42-43.

[12] *E.g. Huntington Bancshares, Inc. ERISA Litig.*, 620 F. Supp. 2d 842, 850-53 (S.D. Ohio 2009) (dismissing ERISA imprudence claims as to employer stock based on bank's alleged "overexposure" to subprime and other troubled loans appropriate with or without presumption of prudence but without reaching issue of whether *Kuper* presumption should apply to pleadings); *Taylor v. KeyCorp*, No. 08-1927, 2009 WL 5342504, at *6 (N.D. Ohio Nov. 23, 2009) (finding that plaintiffs had alleged facts to overcome *Kuper* presumption though not clearly applying the presumption at the pleadings stage). *See also Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1098 (9th Cir. 2004); *Pugh v. Tribune Co.*, 521 F.3d 686, 701 (7th Cir. 2008); *In re Avon ERISA Litigation*, 2009 WL 848083, at * 10 (S.D.N.Y. Mar.3, 2009); *In re Ford Motor Co. ERISA Litigation*, 563 F. Supp. 2d 681, 693 (W.D. Tex. 2008).

[13] *Benitez v. Humana, Inc.*, No. 3:08-CV-211, 2009 WL 3166651, at *8 (W.D. Ky. Sept. 30, 2009).

**III. Immediate Appeal Would Materially Advance the Litigation's Ultimate Termination**

Finally, the Court finds that the third factor governing interlocutory appeals is present in this case. An immediate appeal would materially advance the litigation's ultimate termination. An interlocutory appeal materially advances the ultimate termination of the litigation when it "save[s] judicial resources and litigant expense."[14] Another factor to consider is whether the "litigation will be conducted in substantially the same manner regardless of [the court's] decision."[15] "An interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties."[16] Courts have placed special emphasis on this third factor.[17]

Here an interlocutory appeal will materially advance the case's ultimate termination. Despite the fact that Plaintiffs originally filed suit in 2008, it is still early in the proceedings, largely due to Defendants' filing of two disposition motions.[18] It appears that the parties have engaged in little discovery, and Defendants have requested that the Court stay all discovery as to Plaintiffs' stock claims should the Court certify the interlocutory appeal. An appeal would also

---

[14] *W. Tenn. Chapter of Associated Builders & Contractors, Inc.*, 138 F. Supp. 2d at 1026.

[15] *In re City of Memphis*, 293 F.3d at 351.

[16] *Black & Decker*, 2008 WL 3850825, at *4 (citation and quotation omitted).

[17] *See Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 865-66 (2d Cir. 1996).

[18] The Court has issued a series of stays pending rulings on other dispositive motions. *See* Order Granting in Part, Denying in Part Motion to Stay; Granting in Part, Denying in Part Motion for Discovery, Apr. 30, 2009; Order Overruling in Part, Sustaining in Part Defendants' Objections to the Magistrate Judge's Order, June 23, 2009.

advance the termination of the litigation by saving judicial resources and litigant expense. Defendants argue that Plaintiff's breach of fiduciary duty claims as to the First Horizon stock will make up the bulk of the discovery in this case. Should the Sixth Circuit take a position different from the one the Court adopted in its September 30 Order, it is possible that Plaintiffs' First Horizon stock claims would be dismissed, thereby winnowing the issues for discovery and briefing. Plaintiff argues that even if the Sixth Circuit adopted Defendants' position and required that Plaintiffs' plead enough facts to overcome the *Kuper* presumption, the Court would still need to determine whether the factual allegations of Plaintiffs' Amended Complaint has satisfied the *Kuper* presumption. If not, Plaintiffs would ask for the leave to amend their Amended Complaint in order to satisfy the heightened pleading requirements. In that scenario, interlocutory appeal would not advance the termination of the litigation. Without addressing Plaintiffs' hypothetical argument, the fact remains that interlocutory appeal at this juncture has the potential to save substantial resources in what will undoubtedly be protracted litigation. In light of the scope of potential discovery alone, the Court believes that resolution of the issue could save significant judicial resources and litigant expense. As a result, it cannot be said that the litigation will be conducted in substantially the same manner if an immediate appeal was not permitted. Therefore, the Court finds that the third factor under §1292(b) is met.

## **CONCLUSION**

The Court finds that all factors required to certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) have been satisfied. Defendants' Motion is therefore **GRANTED**. In accordance with this opinion, the Court provides a certificate of appealability on the issue of whether the presumption of prudence recognized by the Sixth Circuit in *Kuper v. Iovenko* should

be applied by a district court when considering a motion to dismiss ERISA stock claims under Fed. R. Civ. P. 12(b)(6). All proceedings in this Court are stayed pending the Sixth Circuit's decision as to whether it will permit an appeal.

    **IT IS SO ORDERED**.

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

                                  Date: March 22nd, 2010.