## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | |
|---|---|
| JOHN YOST, KATHLEEN A. BRENNAN, and ) | |
| GERALD L. SANDERS, individually, ) | |
| and on behalf of all others similarly situated, ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **No. 08-2293-STA-cgc** |
| ) | |
| FIRST HORIZON NATIONAL CORP., et al., ) | |
| ) | |
| **Defendants.** ) | |

---

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
---

Before the Court is Defendants' Motion for Reconsideration (D.E. # 105) filed on

September 3, 2010.  Plaintiffs have responded in opposition to Defendants' Motion, and

Defendants have replied.  For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On September 3, 2009, the Court denied in part Defendants' motion to dismiss some of

Plaintiffs' Amended Complaint for failure to state a claim.  Among other things the Court held

that Plaintiffs had properly stated a claim in Count I that Defendants breached their fiduciary

duty by continuing to invest plan assets in First Horizon stock when it was no longer prudent to

do so.  The Court specifically rejected Defendants' contention that Plaintiffs must satisfy a

heightened pleading standard to overcome the presumption that a fiduciary's decision to remain

invested in employer securities is presumed to be reasonable.  In *Kuper v. Iovenko*, the Sixth

Circuit held that a plaintiff  "may rebut the presumption by showing that a prudent fiduciary

1

acting under similar circumstances would have made a different investment decision."[1]  The

Court concluded that the *Kuper* presumption is an evidentiary, and not a pleading, standard.[2]  The

Court went on to hold that Plaintiffs had stated a plausible claim for breach of fiduciary duty by

continuing to invest Plan assets in First Horizon stock.

On March 22, 2010, the Court granted Defendants' motion for a certificate of

appealability certifying a single question of law for interlocutory review by the Sixth Circuit,

namely, whether the presumption of prudence recognized by the Sixth Circuit in *Kuper v.*

*Iovenko* should be applied by a district court when considering a motion to dismiss ERISA stock

claims under Fed. R. Civ. P. 12(b)(6).  The Sixth Circuit declined to accept the appeal.

In the Motion before the Court, Defendants seek reconsideration of the Court's ruling that

the *Kuper* presumption did not apply at the pleadings stage.  First, Defendants contend in effect

that the Court did not apply the *Twombly-Iqbal* plausibility standard to the pleadings and instead

relied on pre-*Twombly* cases "holding that the presumption of prudence could not be applied on a

motion to dismiss."  (Defs.' Mot. Reconsideration 2.)  Defendants argue that the Court failed to

account for the Sixth Circuit's holding in *Hensley v. ProPride, Inc.*, that the plausibility standard

_____

[1] 66 F.3d 1447, 1459 (6th Cir. 1995).

[2] *In re The Goodyear Tire & Rubber Co. ERISA Litig.*, 438 F.Supp.2d 783, 793-94 (N.D. Ohio 2006); *In re Ferro Corp. ERISA Litig.*, 422 F. Supp. 2d 850, 864 (N.D. Ohio 2006)*; In re CMS Energy ERISA Litigation,* 312 F. Supp. 2d 898, 914 (E.D. Mich. 2004); *Rankin v. Rots,* 278 F. Supp. 2d 853 (E.D. Mich. 2003).  *Accord Tullis v. UMB Bank, N.A.*, 515 F.3d 673, 681 (6th Cir. 2008) (rejecting heightened pleadings requirements in ERISA cases that "would elevate form over substance").  As the Court has previously noted, there is no dispute that the *Kuper* presumption will apply in this case or that Plaintiffs will bear the burden in this case to show that "a prudent fiduciary acting under similar circumstances would have made a different investment decision."

announced in *Twombly* applied to all civil matters, not just antitrust cases like *Twombly*.[3] According to Defendants, the Court's analysis in the dismissal order was based on "significant uncertainty" concerning the scope of *Twombly* and that recent decisions have dispelled that "uncertainty." Defendants cite a number of decisions from other district courts since *Twombly* applying the *Kuper* presumption at the pleadings stage to dismiss claims similar to Plaintiffs' breach of fiduciary duty claims pursuant to Rule 12(b)(6). Among these decisions is a case from another district court in the Sixth Circuit.[4] Defendants argue that reconsideration is also appropriate in light of the burden and expense of discovery that could otherwise be avoided should the Court dismiss Count I of Plaintiffs' Amended Complaint at the pleadings stage. For these reasons, Defendants ask the Court to reconsider its previous ruling.

Plaintiffs have responded in opposition to Defendants' Motion. Plaintiffs begin by arguing that Plaintiffs intend to file a second amended complaint with even more factual allegations about Defendants' breach of fiduciary duty. Thus, the Court should deny Defendants' Motion for Reconsideration as moot.[5] Plaintiffs further contend that Defendants have failed to show that reconsideration is appropriate. Although Defendants cite new case law addressing the issue, Defendants cannot show that the decisions were intervening in so far as the decisions were issued prior to the Court's September 30, 2009 Order. Plaintiffs further argue that the Court did in fact apply the *Twombly* plausibility standard in its previous Order. The Court's reference to

---

[3] *See* 579 F.3d 603, 609 n.4 (6th Cir. 2009).

[4] *Benitez v. Humana, Inc.*, 2009 WL 3166651, at *8 (W.D. Ky. Sept. 30, 2009).

[5] In fact, Plaintiffs obtained leave and filed their Second Amended Complaint (D.E. # 114) on October 1, 2010.

uncertainty surrounding *Twombly* is only dicta.  Plaintiffs seize on Defendants' statement that the Sixth Circuit decision in *Hensley* was issued after the parties had briefed the motion to dismiss and point out that Defendants actually filed a reply brief after *Hensley*'s publication.  Plaintiffs also note that the parties briefed and the Court applied the Supreme Court's decision in *Iqbal*, which had already clarified *Twombly*.  As for the other authority Defendants cite, Plaintiffs contend that none of those cases are binding upon this Court.  Indeed, the only intervening case from this District to consider the *Kuper* standard reached the same conclusion as this Court.[6]  Finally, Plaintiffs dispute Defendants' characterizations of the discovery propounded to this point and insist that the scope of discovery is not an independent basis for reconsideration.

Defendants have replied to contest Plaintiffs' assertion that the Sixth Circuit's *Hensley* decision was issued before Defendants prepared their reply brief on the motion to dismiss.  Defendants note that their reply brief was attached to their motion for leave to file the reply on August 20, 2009.  The Sixth Circuit did not issue its decision in *Hensley* until September 3, 2009.  Defendants go on to dispute that a change of controlling authority must be an intervening one.  In making this assertion, Defendants state "there is no avoiding the fact that the authority the court relied upon is no longer good law." (Defs.' Reply 3.)  Therefore, the Court should reconsider its earlier order.

---

[6] *In re Regions Morgan Keegan ERISA Litigation*, 692 F. Supp. 2d 944, 953-54  (W.D. Tenn. March 09, 2010) (Mays, J.).

4

## STANDARD OF REVIEW

It is settled that the Federal Rules of Civil Procedure do not specifically recognize motions to reconsider.[7]  The Sixth Circuit has stated, "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders."[8]  In some cases, the Sixth Circuit has explained that this inherent authority derives from common law and Rule 54(b).[9]  In other instances, the Court has held that motions to reconsider filed within the time permitted will be analyzed under Rule 59(e) and all other motions to reconsider filed thereafter under Rule 60(b).[10]  Generally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.[11]

---

[7] *E.g. Westerfield v. United States*, 2010 WL 653535, at *5 (6th Cir. Feb. 24, 2010).

[8] *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) (citations omitted).  *See also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

[9] *E.g. Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  *See also Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001) ("Under Fed. R. Civ. P. 54(b) an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

[10] *E.g. Westerfield*, 2010 WL 653535, at * 5; *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).  *See also* Fed. R. Civ. P. 59(e)

[11] *Rodriguez*, 89 F. App'x at 959.

## ANALYSIS

The Court finds that Defendants' Motion for Reconsideration is not well taken because Defendants have failed to show any basis for reconsideration. First, Defendants' attempt to show that the Court somehow failed to apply the correct standard of review and effectively ignored the Supreme Court's decisions in *Twombly* and *Iqbal* is without merit. In its September 30, 2009 Order, the Court cited *Twombly* and *Iqbal* as well as two other Sixth Circuit decisions applying the *Twombly* standard.[12] The Court set out the following as its standard of review for Plaintiffs' pleadings: "on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[13] The Court then applied that standard to Plaintiffs' breach of fiduciary duty claim and held that Plaintiffs had stated a "plausible claim."[14] Defendants have failed to show that this standard was clearly erroneous in light of the authority cited in the Court's order or the Sixth Circuit's opinion in *Hensley v. ProPride, Inc.*[15] Defendants premise their argument on the Court's single reference to the "significant uncertainty" as to the intended scope of *Twombly*, a direct quotation

---

[12] Order Granting in Part, Denying in Part Defs.' Mot. Dismiss Am. Compl., Sept. 30, 2009, 30-31 (citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) and *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007)).

[13] Order, Sept. 30, 2009, 31.

[14] *Id*. at 41.

[15] 579 F.3d at 609 ("to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'") (citations omitted).

of the Sixth Circuit's dicta in a 2007 case noting the significance of the *Twombly* decision and its departure from the "no set of facts" pleading standard.[16]   The Court finds no clear error in this single statement or a justification for reconsidering its previous holding.

The Court further holds that Defendants have not shown that an intervening change in controlling authority justifies reconsideration.  Defendants have cited an extensive body of case law decided since September 30, 2009, that applied the *Kuper* presumption at the pleadings stage and dismissed breach of fiduciary duty suits for failure to state a claim.  The vast majority of these decisions come from courts in other circuits, which are at best only persuasive authority.  The Sixth Circuit itself has not addressed the issue, and Defendants have cited only two cases from courts within the Circuit.[17]   In the first case, the Western District of Kentucky apparently assumed without discussion that the *Kuper* presumption applied at the pleadings stage.[18]   In *Regions Morgan Keegan*, on the other hand, Judge Mays squarely addressed the issue presented and concluded that the *Kuper* standard was an "evidentiary presumption" not to be considered on

---

[16] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007) ("our disposition of Weisbarth's claim does not depend upon the nuances of *Twombly*'s effect on the dismissal standard").

[17] Defendants cite a third case for the proposition that the *Kuper* presumption should apply at the pleadings stage.  In *Taylor v. Key Corp.*, 678 F. Supp. 2d 633 (N.D. Ohio Nov. 23, 2009), the district court only held that Plaintiffs had "allege[d] facts that if proven could rebut the *Moench* [*Kuper*] presumption."  *Id*. at 640.  The *Taylor* court cited the split of authority on this question but never actually reached the issue of whether the presumption should apply at the pleadings stage.

[18] *Benitez*, 2009 WL 3166651, at *8.  This decision from the Western District of Kentucky was issued on the same day as the Court's order for which Defendants seek reconsideration.

a motion to dismiss.[19]   Based on these two decisions, particularly Judge Mays' ruling in *Regions Morgan Keegan*, the Court finds that new case law from courts in the Sixth Circuit does not support reconsideration.  More importantly, Defendants have not shown that any of the intervening case law is actually controlling on this Court.  On the contrary, the Court concluded that the *Kuper* presumption did not apply at the pleadings stage based in large part on the language and reasoning of *Kuper* itself, a decision of the Sixth Circuit which continues to control in this case.[20]   Therefore, the Court finds no intervening change in controlling which would lead the Court to reconsider its ruling.

Finally, the Court declines to reconsider its ruling on the basis of the amount of discovery pertaining to Plaintiffs' claims for breach of fiduciary duty.  The only possible basis for reconsideration on this point would be to prevent a manifest injustice.  Defendants have not shown how Plaintiffs' discovery requests would produce such a result.  Thus, the Court has no reason to reconsider its ruling for the prevention of manifest injustice.

---

[19] *In re Regions Morgan Keegan*, 692 F. Supp. 2d at 953 (applying the same *Twombly/Iqbal* standard of review applied to the pleadings in the case bar).

[20] *See* Order, Sept. 30, 2009, 38-43.

## <u>CONCLUSION</u>

Having found no intervening change in controlling authority, clear error of law, or threat of manifest injustice to compel reconsideration, Defendants' Motion for Reconsideration of the Court's September 30, 2009 Order is **DENIED**.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: October 19th, 2010.