IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN YOST, GERALD L. SANDERS, JOSEPH WETEGROVE, and ANTHONY SMITH, individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>FIRST HORIZON NATIONAL CORPORATION, *et al.*,<br><br>  Defendants. | Civil Action No. 2:08-02293-STA-cgc<br><br>District Judge S. Thomas Anderson<br><br>Magistrate Judge Charmiane G. Claxton |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, MODIFICATION OF CLASS DEFINITION,
APPROVAL OF FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE
FOR FINAL APPROVAL HEARING**

Named Plaintiffs John Yost, Gerald L. Sanders, Joseph Wetegrove, and Anthony Smith, on behalf of themselves and the Class, hereby move for entry of an Order: (1) preliminarily approving the Settlement Agreement executed on April 3, 2012 (a copy of which is attached as Exhibit 1); (2) modifying the class definition to add subclasses; (3) approving the form and manner of providing notice of the settlement to class members; and (4) scheduling a fairness hearing on final approval of the settlement. Defendants[1] do not oppose this Motion. Plaintiffs submit herewith a proposed preliminary approval order (the "Proposed Order").

---

[1] Defendants are First Horizon National Corporation ("First Horizon"); First Tennessee Bank National Association; Highland Capital Management Corporation; Martin & Company, Inc.; the Retirement Investment Committee; the Pension, Savings and Flexible Compensation Committee; Gerald L. Baker; J. Kenneth Glass; Simon F. Cooper; James A. Haslam, III; Colin V. Reed; Mary F. Sammons; Robert B. Carter; R. Brad Martin; Vicki R. Palmer; William B. Sansom; Robert C. Blattberg; Michael D. Rose; Luke Yancy III; Jonathan P. Ward; George E. Cates; Robert E. Ellis; Thomas C. Adams, Jr.; Rhomes Aur; Kenneth R. Bottoms; Charles G. Burkett; John M. Daniel; Ann Fite; James F. Keen; Gerald Laurain; Pete Makowiecki; Larry B. Martin; Sarah Meyerrose; Marlin L. Mosby, III; Elbert L. Thomas, Jr.; William E. Weaver, Jr.; Alvenia Cunningham; Bonnie Zoccola; Bruce Hopkins; Karen Kruse; Deborah McDonald; Sandy

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the First Horizon National Corporation Savings Plan (the "Plan").  The terms of the settlement are set out in the Settlement Agreement, which was executed by counsel on behalf of Plaintiffs and Defendants.  Plaintiffs move for an order:

    a.    preliminarily approving the settlement;

    b.    adopting the parties' agreed upon modification to the class definition to add subclasses for class members who had signed releases and appointing Plaintiffs Joseph Wetegrove and Anthony Smith as class representatives for the release subclasses;

    c.    directing that notice of the settlement be disseminated to the Class by first class mail in the form attached as Exhibit 1 to the Proposed Order;

    d.    scheduling a settlement fairness hearing to determine:

        (i)    whether the settlement should be finally approved as fair, reasonable, and adequate to the class under Federal Rule of Civil Procedure 23(e);

        (ii)    whether the application of Class Counsel for attorneys' fees and expenses should be approved under Federal Rule of Civil Procedure 23(h); and

        (iii)    whether the Named Plaintiffs should be paid case contribution awards.

Plaintiffs propose the following schedule for the various events leading up to and including the settlement fairness hearing:

| Event | Time for Compliance |
| --- | --- |
| Deadline for mailing of Class Notice, and establishment of settlement website and settlement information telephone number | 15 calendar days after entry of preliminary approval order |
| Deadline for filing memorandum in support of final approval of settlement, and application for attorneys' fees, reimbursement of costs and expenses, and case contribution awards to named Plaintiffs | 30 calendar days before fairness hearing |

---

Ragland; Karen Sones; Will Taylor; and Does 1-100.

2

| Deadline for filing objections, appearance of counsel regarding objections, and notice of intention to appear at fairness hearing | 14 calendar days before fairness hearing |
|---|---|
| Fairness hearing | At least 75 days after the mailing of class notice and 90 days after mailing of notice required by Class Action Fairness Act |

This Court should preliminarily approve the settlement because the applicable requirements of Federal Rule of Civil Procedure 23(e) are satisfied. The settlement is well within the range of what might ultimately be found fair, reasonable, and adequate to the Class.

Plaintiffs request that this Court adopt the following modified class definition to which the parties have stipulated and to appoint Joseph Wetegrove as representative of Subclass 3 and Anthony Smith as representative of Subclass 4:

> The First Horizon Stock Subclass (Subclass 1): Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release and whose accounts in the Plan were invested to any extent in First Horizon common stock between January 1, 2006 and July 14, 2008;

> The First Funds Subclass (Subclass 2): Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release and whose accounts in the Plan were invested to any extent in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006;

> The First Horizon Stock/Release Subclass (Subclass 3): Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested to any extent in First Horizon common stock between January 1, 2006 and July 14, 2008 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release; and

> The First Funds/Release Subclass (Subclass 4): Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested to any extent in First Horizon's proprietary mutual or money market funds—the First Funds— between May 9, 2002 and June 5, 2006 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release.

By Order dated June 3, 2011, this Court conditionally certified this Action as a class action under Fed. R. Civ. P. 23(b)(1) subject to the creation of subclasses for class members who

had signed releases. The Court certified two classes: (i) participants who invested in First Horizon common stock from January 1, 2006 to July 14, 2008; and (ii) participants who invested in the First Funds from May 9, 2002 to June 5, 2006. On September 30, 2011, Plaintiffs filed a Fourth Amended Complaint ("Complaint") to add two new plaintiffs, Joseph Wetegrove and Anthony Smith, to serve as class representatives for the release subclasses, and, with Defendants' consent, moved for certification of the four subclasses. The Court has yet to rule on Plaintiffs' Uncontested Motion for Certification of Subclasses. (Dkt. #184).

Plaintiffs request this Court to direct notice in a reasonable manner to all class members in accordance with Fed. R. Civ. P. 23(e)(1), and request that this Court hold a fairness hearing in accordance with Fed. R. Civ. P. 23(e)(2). The form and content of the proposed notice to the Class (Exhibit 1 to the Proposed Order) should be approved because it: (a) identifies the action that has been settled (subject to Court approval) and the parties to that action; (b) describes the Class; (c) provides a summary of the claims, issues and defenses in the action, and the terms of the settlement; (d) states that a class member may enter an appearance through an attorney if they class member so desires; (e) gives notice of the date and location of the fairness hearing and the matters that will be considered at the fairness hearing; (f) identifies where documents relating to the settlement will be available for review by class members; and (g) informs class members of their right to object to the settlement and/or the granting of any award of fees and expenses to Class Counsel, or case contribution awards to Named Plaintiffs, and the procedures for timely presenting their objections to the Court. This Court should find that the form and content of the proposed notice to the Class is appropriate under Fed. R. Civ. P. 23(c)(2)(B).

The manner and dissemination of the proposed class notice should be approved under Fed. R. Civ. P. 23(e)(1). Individual notice will be sent via first class mail to all members of the Class, as identified by Plan participant transaction data.

WHEREFORE, for the reasons set forth above, and in the accompanying Memorandum, this Court should enter the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, Modifying Class Definition, Approving Form and Manner of Notice and Setting Date for Hearing on Final Approval of Settlement.

May 2, 2012                                      Respectfully submitted,

/s/ Ellen M. Doyle
Ellen M. Doyle (PA Bar 21854)
edoyle@stemberfeinstein.com
Edward J. Feinstein
efeinstein@stemberfeinstein.com
Pamina Ewing
pewing@stemberfeinstein.com
Stephen M. Pincus
spincus@stemberfeinstein.com
Joel R. Hurt
jhurt@stemberfeinstein.com
Maureen Davidson-Welling
mdavidsonwelling@stemberfeinstein.com

**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
T: 412.281.8400
F: 412.281.1007

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2012, the foregoing document was filed electronically with the Clerk of Court using the ECF system which will send notification of such filing to those persons registered in this case with the ECF system.

Respectfully submitted,

s/Ellen M. Doyle
Ellen M. Doyle