# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN YOST, GERALD L. SANDERS, JOSEPH WETEGROVE, and ANTHONY SMITH, individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>FIRST HORIZON NATIONAL CORPORATION, *et al.*,<br><br>          Defendants. | Civil Action No. 2:08-02293-STA-cgc<br><br>District Judge S. Thomas Anderson<br><br>Magistrate Judge Charmiane G. Claxton |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MODIFICATION OF CLASS DEFINITION, APPROVAL OF FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING

Ellen M. Doyle (PA Bar 21854)
edoyle@stemberfeinstein.com
Edward J. Feinstein
efeinstein@stemberfeinstein.com
Pamina Ewing
pewing@stemberfeinstein.com
Stephen M. Pincus
spincus@stemberfeinstein.com
Joel R. Hurt
jhurt@stemberfeinstein.com
Maureen Davidson-Welling
mdavidsonwelling@stemberfeinstein.com

**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
T: 412.281.8400
F: 412.281.1007

*Attorneys for Plaintiffs and the Class*

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.    BACKGROUND .................................................................................................................2

III.   THE TERMS OF THE SETTLEMENT.............................................................................6

IV.   ARGUMENT.......................................................................................................................7

        A.    The Proposed Settlement Is Fair, Reasonable and Adequate, and Should Be Preliminarily Approved .......................................................................................7

              1.    Preliminary Approval Standards.................................................................7

              2.    The Court Should Grant Preliminary Approval of the Proposed Settlement ...................................................................................................8

        B.    The Court Should Modify the Class Definition.......................................................12

        C.    The Proposed Notice Plan Should Be Approved....................................................12

              1.    The Proposed Form and Means of Notice Provide the Information Necessary to Apprise Class Members of the Nature of the Case and Their Rights ...............................................................................................12

              2.    The Proposed Notice Plan Meets the Requirements of Due Process.........13

        D.    Proposed Schedule .................................................................................................14

V.    CONCLUSION..................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

Benitez v. Humana Inc., 2009 WL 3166651 (W.D.Ky. Sep. 30, 2009) ...................................... 10

Brieger v. Tellabs, Inc., 629 F.Supp.2d 848 (N.D. Ill. 2009) ........................................................ 10

Clark Equipment Co. v. Int'l Union, Allied Industrial Workers,
   803 F.2d 878 (6th Cir. 1986) ................................................................................................ 2, 7

DiFelice v. US Airways, Inc., 497 F.3d 410 (4th Cir. 2007).................................................. 10, 11

Gautreaux v. Pierce, 690 F.2d 616 (7th Cir. 1982)........................................................................ 7

Granada Investments, Inc. v. DWG Corp., 962 F.2d 1203 (6th Cir.1992)................................... 8

Howell v. Motorola, Inc., 633 F.3d 552 (7th Cir. 2011)............................................................... 10

In re Citigroup ERISA Litig., 662 F.3d 128 (2d Cir. 2011) ......................................................... 10

In re Delphi Corp. Sec., Derivative & ERISA Litig.,
   602 F. Supp. 2d 810 (E.D. Mich. 2009)................................................................................... 10

In re Huntington Bancshares ERISA Litig., 620 F. Supp. 2d 842 (S.D. Ohio 2009) ................... 10

In re Inter-Op Hip Prosthesis Liab. Litig,
   204 F.R.D. 359 (N.D. Ohio 2001) .............................................................................................. 8

Jones v. Clark Equip. Co., 480 U.S. 934 (1987)............................................................................ 8

Kuper v. Iovenko, 66 F.3d 1447 (6th Cir. 1995) ............................................................................ 9

Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950) ............................................ 13

Pfeil v. State Street Bank and Trust Co., 671 F.3d 585 (6th Cir. 2012) ...................................... 10

Plasterers' Local Union No. 96 Pension Plan v. Pepper, 663 F.3d 210 (4th Cir. 2011)............... 10

Quan v. Computer Sciences Corp., 623 F.3d 870 (9th Cir. 2010)............................................... 10

Shirk v. Fifth Third Bancorp, 2009 WL 692124 (S.D.Ohio Jan. 29, 2009) ................................. 10

Sims v. First Horizon Nat. Corp., 2009 WL 1789090 (W.D.Tenn. June 23, 2009) ....................... 4

Sims v. First Horizon Nat. Corp., 2009 WL 3241689 (W.D.Tenn. Sept. 30, 2009) .......... 2, 3, 4, 9

Sims v. First Horizon Nat. Corp., 2010 WL 1050976 (W.D.Tenn. March 22, 2010) ................... 4

## TABLE OF AUTHORITIES
## (continued)

Thonen v. McNeil-Akron, Inc., 661 F.Supp. 1276 (N.D. Ohio 1987) ............................................ 7

Todd v. Retail Concepts, Inc., 2008 WL 3981593 (M.D.Tenn. Aug. 22, 2008) ........................... 8

UAW v. Ford Motor Co., 2006 WL 1984363 (E.D. Mich. July 13, 2006) ............................... 2, 8

UAW v. General Motors Corp., 497 F.3d 615 (6th Cir. 2007) ............................................... 2, 8, 9

Williams v. Vukovich, 720 F.2d 909 (6th Cir. 1983) ..................................................................... 7

Yost v. First Horizon Nat. Corp., 2010 WL 4116986 (W.D.Tenn. Oct. 19, 2010) ........................ 4

Yost v. First Horizon Nat. Corp., 2011 WL 2182262 (W.D.Tenn. June 3, 2011) .................. 2, 3, 5

**Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ........................... 2

ERISA § 404, 29 U.S.C. § 1104 ................................................................................................. 3, 4

ERISA § 404(c), 29 U.S.C. § 1104(c) ....................................................................................... 3, 10

ERISA § 405, 29 U.S.C. § 1105 ..................................................................................................... 3

**Rules**

Fed. R. Civ. P. 23 .......................................................................................................................... 12

Fed. R. Civ. P. 23(e)(1) ........................................................................................................... 13, 14

Fed. R. Civ. P. 23(e)(2) .................................................................................................................. 7

Fed. R. Civ. P. 23(e)(3) .................................................................................................................. 1

## I. INTRODUCTION

Named Plaintiffs John Yost, Gerald L. Sanders, Joseph Wetegrove, and Anthony Smith, on behalf of themselves and the class, respectfully submit this brief in support of their motion for entry of an order that (1) grants preliminary approval of the proposed settlement in this class action; (2) modifies the class definition to add subclasses for class members who had signed releases and appoints Joseph Wetegrove and Anthony Smith as class representatives for the release subclasses; (3) approves the manner of giving notice of the settlement to the class; and (4) sets a date for a final fairness hearing. Defendants[1] do not oppose this motion.

The terms of the parties' settlement are set forth in a settlement agreement executed on April 3, 2012 ("Settlement Agreement") (a copy of which is attached to Plaintiffs' Motion as Exhibit 1). Pursuant to Fed. R. Civ. P. 23(e)(3), Plaintiffs hereby advise that the Settlement Agreement is the parties' only agreement in connection with the proposed settlement. Class Counsel have also proposed to the Court a Plan of Allocation (attached to the Settlement Agreement as Exhibit D) to be used for the allocation of the settlement among the classes of participants.

The parties have reached a proposed settlement of this case for $6 million. The settlement will provide substantial benefits to class members and resolve all of Plaintiffs' claims. Based on the facts, governing law, and the recognition of the substantial risks of continued

---

[1] Defendants are First Horizon National Corporation ("First Horizon" or the "Company"); First Tennessee Bank National Association; Highland Capital Management Corporation; Martin & Company, Inc.; the Retirement Investment Committee; the Pension, Savings and Flexible Compensation Committee; Gerald L. Baker; J. Kenneth Glass; Simon F. Cooper; James A. Haslam, III; Colin V. Reed; Mary F. Sammons; Robert B. Carter; R. Brad Martin; Vicki R. Palmer; William B. Sansom; Robert C. Blattberg; Michael D. Rose; Luke Yancy III; Jonathan P. Ward; George E. Cates; Robert E. Ellis; Thomas C. Adams, Jr.; Rhomes Aur; Kenneth R. Bottoms; Charles G. Burkett; John M. Daniel; Ann Fite; James F. Keen; Gerald Laurain; Pete Makowiecki; Larry B. Martin; Sarah Meyerrose; Marlin L. Mosby, III; Elbert L. Thomas, Jr.; William E. Weaver, Jr.; Alvenia Cunningham; Bonnie Zoccola; Bruce Hopkins; Karen Kruse; Deborah McDonald; Sandy Ragland; Karen Sones; Will Taylor; and Does 1-100.

litigation of claims of this sort, Plaintiffs submit that the proposed settlement is fair, reasonable and adequate, and in the best interests of the class.

The proposed settlement is fair, reasonable, and adequate, and should be preliminarily approved under the standards set in Clark Equipment Co. v. Int'l Union, Allied Industrial Workers, 803 F.2d 878, 880 (6th Cir. 1986) (per curiam), and UAW v. General Motors Corp., 497 F.3d 615, 632 (6th Cir. 2007) ("General Motors").  The proposed modification of the class definition to add subclasses was directed by the Court's Order dated June 3, 2011 and has been stipulated to by the parties.  Further, the proposed notice plan satisfies the requirements of due process, and will inform class members of the settlement terms, how to object, and the date and place of the fairness hearing.

## II.   BACKGROUND

The initial complaint in this action was filed on May 9, 2008 by plaintiff Troy Sims on behalf of all others similarly situated, alleging claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"), and seeking to recover losses to the First Horizon National Corporation Savings Plan ("Plan").  Dkt. #1.  Members of all four of the proposed stipulated sub-classes are Plan participants or beneficiaries.

As summarized by the Court, Plaintiffs allege in this case that Defendants unlawfully selected the proprietary First Funds as a Plan investment option without employing a prudent selection process untainted by conflict.  Dkt. #93, Sims v. First Horizon Nat. Corp., 2009 WL 3241689, *1 (W.D.Tenn. Sept. 30, 2009).  The First Funds are a family of First Horizon's proprietary mutual and money market funds.  Plaintiffs alleged that from May 9, 2002 through June 5, 2006, the Plan's fiduciaries maintained investment offerings in the First Funds even though most of those funds under-performed their peers.  Dkt. #147, Yost v. First Horizon Nat. Corp., 2011 WL 2182262, *2 (W.D.Tenn. June 3, 2011).

Plaintiffs also alleged that Defendants unlawfully invested Plan assets in First Horizon common stock when Plan fiduciaries knew or should have known that material information about the Company's financial problems had not been disclosed. 2009 WL 3241689, *1. Plaintiffs alleged that the First Horizon stock fund was an imprudent retirement investment from at least January 1, 2006 through July 14, 2008 because (1) First Horizon had assumed massive new risks of default and loss through its banking practices in an effort to fuel national growth; (2) the Company lacked the credit review, audit, or accounting infrastructure to adequately identify and manage those risks, and (3) it did not properly reserve for the losses on its risky products, so that the Plan was purchasing shares of First Horizon stock at an inflated price. 2011 WL 2182262, *1.

Defendants have vigorously disputed Plaintiffs' allegations. Defendants have also raised several defenses, including the defenses that Plaintiffs' claims are barred, in whole or in part, by application of ERISA § 404(c), 29 U.S.C. § 1104(c), by the applicable statute of limitations, and by the execution of releases by certain members of the class. Answer to Third Amended Complaint (Dkt. #137), Defendants' Specific Defenses.

On September 17, 2008, Plaintiffs filed an Amended Complaint, naming a new plaintiff, John Yost, as well as new Defendants. Dkt. #29. Plaintiffs alleged five claims for relief:

(1) failure to prudently and loyally manage the Plan's investment in First Horizon stock in violation of ERISA § 404, 29 U.S.C. § 1104 (Count I);

(2) breaches of the duties of loyalty and prudence by causing the Plan to invest in First Funds in violation of ERISA § 404, 29 U.S.C. § 1104 (Count II);

(3) failure to provide complete and accurate information to participants and beneficiaries in violation of ERISA § 404, 29 U.S.C. § 1104 (Count III);

(4) failure to monitor the Plan's fiduciaries in violation of ERISA § 404, 29 U.S.C. § 1104(a)(1) (Count IV); and

(5) breach of co-fiduciary duties in violation of ERISA § 405, 29 U.S.C. § 1105 (Count V).

3

On October 21, 2008, Defendants filed a Motion to Dismiss and a Motion for Summary Judgment, seeking dismissal of all claims asserted in the First Amended Complaint. On April 30, 2009, the Court denied without prejudice Defendants' Motion for Summary Judgment on the First Funds claims, citing Plaintiffs' need for discovery. Dkt. #80; Sims v. First Horizon Nat. Corp., 2009 WL 1789090 (W.D.Tenn. June 23, 2009).

On September 30, 2009, the Court issued an Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' First Horizon stock claims. Dkt. #93; Sims, 2009 WL 3241689. The Court concluded that Plaintiffs properly stated a claim in Count I that Defendants breached their fiduciary duty by continuing to invest Plan assets in First Horizon stock when it was no longer prudent to do so but failed to state a claim in Count I to the extent that Plaintiffs were alleging that Defendants breached their fiduciary duties by not amending the Plan to alter certain provisions. The Court dismissed Count III, and concluded that Plaintiffs stated their derivative claims for failure to monitor (Count IV) and for breaches of co-fiduciaries (Count V) with respect to Count I. To the extent that Plaintiffs failed to state the predicate claims in Counts I and III, the Court dismissed these aspects of Counts IV and V. 2009 WL 3241689, *30.

Defendants filed a motion for a certificate of appealability with respect to the Court's dismissal ruling; the Court granted this motion on March 22, 2010. Dkt. #103; Sims v. First Horizon Nat. Corp., 2010 WL 1050976 (W.D.Tenn. March 22, 2010). Defendants filed a motion for interlocutory appeal, which the Sixth Circuit denied on June 2, 2010. Defendants also filed a motion to reconsider the dismissal ruling, which this Court denied on October 19, 2010. Dkt. #117; Yost v. First Horizon Nat. Corp., 2010 WL 4116986 (W.D.Tenn. Oct. 19, 2010).

On October 1, 2010, Plaintiffs filed a Second Amended Complaint adding two new Plaintiffs, Kathleen Brennan and Gerald Sanders, and additional factual allegations supporting

4

the same claims alleged in the First Amended Complaint. Dkt. #114. On February 25, 2011, Plaintiffs filed a Third Amended Complaint, omitting Kathleen Brennan and leaving John Yost and Gerald Sanders as the named class representatives. Dkt. #134.

After Plaintiffs filed an amended motion for class certification, the Court on June 3, 2011 entered an Order Conditionally Granting in Part, Denying in Part Plaintiffs' Amended Motion for Class Certification ("Conditional Certification Order") (Dkt. #147); Yost v. First Horizon Nat. Corp., 2011 WL 2182262 (W.D.Tenn. June 3, 2011). The Court conditionally certified two Plaintiff classes: (i) participants who invested in FHN Stock from January 1, 2006 to July 14, 2008; and (ii) participants who invested in the First Funds from May 9, 2002 to June 5, 2006. The Court conditioned its certification on formulation of a subclass of class members who signed releases when leaving their employment with First Horizon. The parties' July 5, 2011 Joint Report to the Court on the Certification of More Precise Subclasses ("Joint Report on Subclasses") (Dkt. #161), filed pursuant to the Court's instructions in the Conditional Certification Order, formulated two such subclasses.

With Defendants' leave, Plaintiffs on September 30, 2011 filed a Fourth Amended Complaint (Dkt. #175) which set forth four subclasses ("Subclasses") in conformity with the Court's Conditional Certification Order and the parties' Joint Report on Subclasses. Plaintiffs also added two new named plaintiffs, Joseph Wetegrove and Anthony Smith, to serve as class representatives for the release subclasses. On October 14, 2011, Plaintiffs filed an unopposed motion for entry of an order certifying the following Subclasses:

> The First Horizon Stock Subclass (Subclass 1): Participants in and beneficiaries of the First Horizon National Corporation Savings Plan ("Plan"), excluding Defendants, who did not sign a release and whose accounts in the Plan were invested in First Horizon common stock between January 1, 2006 and July 14, 2008;
>
> The First Funds Subclass (Subclass 2): Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release and whose accounts in the Plan were

5

>invested in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006;
>
>The First Horizon Stock/Release Subclass (Subclass 3):  Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested in First Horizon common stock between January 1, 2006 and July 14, 2008 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release; and
>
>The First Funds/Release Subclass (Subclass 4):  Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release.

(Dkt. #184).

Plaintiffs engaged in significant discovery.  This included seeking, obtaining, reviewing and analyzing over 61,000 pages of documents from the First Horizon defendants, and an additional over 35,000 pages of documents through subpoenas on the following third parties: KPMG, Ernst & Young, PricewaterhouseCoopers, and Mercer.  Plaintiffs also sought to obtain waiver of the bank examination privilege from the Office of the Comptroller of the Currency in order to demonstrate the lack of compliance of bank practices with existing regulatory guidance.  Plaintiffs retained three consulting experts knowledgeable in the areas of bank accounting, credit and banking practices, and investment management.

Following months of negotiations, the parties agreed in principle to settle this case and signed a term sheet at a mediation held on November 8, 2011 before retired United States District Judge James Robertson, who formerly sat in the District of Columbia.   The parties executed the Settlement Agreement on April 3, 2012.

### III.    THE TERMS OF THE SETTLEMENT

The proposed settlement is a class-wide settlement ("Settlement"), with the Class defined as the four subclasses set forth in the preceding section.

6

The Settlement provides for a $6 million cash payment to the Class, which will be allocated to members of the Class pursuant to a "Plan of Allocation." In exchange, Plaintiffs, individually and on behalf of the Class, and the Plan will dismiss and release all claims that were asserted in, arise out of, or are related to the subject matter of Plaintiffs' Fourth Amended Complaint.

## IV.     ARGUMENT

### A.   The Proposed Settlement Is Fair, Reasonable and Adequate, and Should Be Preliminarily Approved

#### 1.     Preliminary Approval Standards

Fed. R. Civ. P. 23(e)(2) provides that "[i]f the [proposed settlement] would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." The Sixth Circuit has established a three-step procedure for approval of a settlement agreement. See Williams v. Vukovich, 720 F.2d 909, 920-21 (6th Cir. 1983). "The settlement shall first be preliminarily approved by the court. Then notice must be given to interested persons. Finally, the court must decide whether the settlement agreement is reasonable after having held a hearing." Thonen v. McNeil-Akron, Inc., 661 F.Supp. 1276, 1279 (N.D. Ohio 1987).

The purpose of the Court's preliminary review is "to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." Gautreaux v. Pierce, 690 F.2d 616, 621 n.3 (7th Cir. 1982). Initially the "court should determine whether the compromise embodied within the [agreement] is illegal or tainted with collusion." Williams, 720 F.2d at 921. In addition, the district court shall "reach a reasoned judgment that . . . the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Clark Equip. Co. v. Int'L Union, Allied Indus. Workers, 803 F.2d 878, 880 (6th Cir.

7

1986) (quotation marks and citation omitted), cert. denied sub nom. Jones v. Clark Equip. Co., 480 U.S. 934 (1987).  However, the court "'should not substitute its judgment for that of the parties'" or "decide the merits of the dispute." UAW v. Ford Motor Co., Nos. 05-74730, 06-10331, 2006 WL 1984363, at *21 (E.D. Mich. July 13, 2006) (citation omitted), aff'd sub nom. UAW v. General Motors Corp., 497 F.3d 615, 632 (6th Cir. 2007).  The settlement should be preliminarily approved if it (1) "appears to fall within the range of possible approval" and (2) "does not disclose ground to doubt its fairness or other obvious deficiencies." In re Inter-Op Hip Prosthesis Liab. Litig, 204 F.R.D. 359, 379 (N.D. Ohio 2001)(quotation marks and citation omitted).

Several factors guide the Court's inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. General Motors, 497 F.3d at 631.  It is also appropriate to consider the risk, expense and delay of further litigation.  Todd v. Retail Concepts, Inc., 2008 WL 3981593, *4 (M.D.Tenn. Aug. 22, 2008) (citing Granada Investments, Inc. v. DWG Corp., 962 F.2d 1203, 1205 (6th Cir.1992)). The Court enjoys wide discretion in assessing the weight and applicability of pertinent factors. Granada Investments, 962 F.2d at 1205-06.

**2.     The Court Should Grant Preliminary Approval of the Proposed Settlement**

The fairness of a settlement turns to large degree on the merits of the parties' legal dispute.  Todd, 2008 WL 3981593, *4.  As the Sixth Circuit has explained in connection with its review of a final approval order:

> Our task is not to decide whether one side is right or even whether one side has the better of these arguments.  Otherwise, we would be compelled to defeat the purpose of a settlement in order to approve a settlement.  The question rather is

8

> whether the parties are using settlement to resolve a legitimate legal and factual disagreement.

General Motors, 497 F.3d at 631.

The parties here are plainly using settlement to resolve a legitimate legal and factual disagreement. As the Court is well aware from the arguments it has addressed in connection with Defendants' motions to dismiss, for summary judgment, and for a certificate of appealability, as well as Plaintiffs' class certification motions, this case presents complex issues that do not lend themselves to simple resolution.

To give a prime example, the Court discussed the "presumption of prudence" in its dismissal and certificate of appealability rulings. In Count I, Plaintiffs alleged breaches of fiduciary duty based on, *inter alia*, Defendants' continued investment of plan assets in First Horizon stock. As the Court explained in its dismissal ruling, ERISA has certain statutory exemptions for Employee Stock Ownership Plans ("ESOPs"). 2009 WL 3241689, *23. ESOPs promote a policy of employee ownership of a company by modifying the fiduciary duty to diversify plan investments, and the prudence requirement to the extent that it requires diversification. 2009 WL 3241689, *23. However, an ESOP fiduciary may be liable for failing to diversify plan assets even where the plan required that an ESOP invest primarily in company stock. Id. (citing Kuper v. Iovenko, 66 F.3d 1447 (6th Cir. 1995)). Under the presumption of prudence embraced by the Sixth Circuit in Kuper, a fiduciary's decision to remain invested in employer securities is presumed to be reasonable. However, a plaintiff "may rebut the presumption by showing that a prudent fiduciary acting under similar circumstances would have made a different investment decision." 2009 WL 3241689, *23 (quoting Kuper, 66 F.3d at 1459).

Here, Plaintiffs' ability to overcome of the Kuper presumption is hotly contested. Plaintiffs believe that they have sufficient evidence to overcome the presumption. Defendants

9

assert just as strongly that Plaintiffs cannot overcome the presumption of prudence. It is impossible to know how this central issue would ultimately be resolved by this Court or by the Sixth Circuit. It is worth noting that in this Circuit, a number of somewhat similar cases have been dismissed on the pleadings, including in In re Huntington Bancshares ERISA Litig., 620 F. Supp. 2d 842 (S.D. Ohio 2009), and Benitez v. Humana Inc., 2009 WL 3166651 (W.D. Ky. Sep. 30, 2009). Further, in In re Delphi Corp. Sec., Derivative & ERISA Litig., 602 F. Supp. 2d 810 (E.D. Mich. 2009), and Shirk v. Fifth Third Bancorp, 2009 WL 692124 (S.D.Ohio Jan. 29, 2009), the courts have granted summary judgment for the defendants. After the parties reached agreement to settle this case, the Sixth Circuit re-affirmed the presumption of prudence in employer stock in Pfeil v. State Street Bank and Trust Co., 671 F.3d 585 (6th Cir. 2012), but also found that ERISA § 404(c) does not immunize fiduciaries from their duty to prudently select investment options in 401(k) plans.

     Numerous courts outside of this Circuit have also granted motions to dismiss or motions for summary judgment in cases claiming imprudent investment in employer stock. See, e.g., In re Citigroup ERISA Litig., 662 F.3d 128 (2d Cir. 2011); Quan v. Computer Sciences Corp., 623 F.3d 870 (9th Cir. 2010). These cases are also particularly challenging because there is no established path to successfully overcoming the presumption of prudence through trial and appeal. See, e.g., DiFelice v. US Airways, Inc., 497 F.3d 410 (4th Cir. 2007); Brieger v. Tellabs, Inc., 629 F.Supp.2d 848 (N.D. Ill. 2009). Improper disclosures under ERISA have also been difficult to sustain. See Howell v. Motorola, Inc., 633 F.3d 552 (7th Cir. 2011). In addition, participants have encountered difficulties in proving that plan losses were caused by fiduciary action or inaction. See Plasterers' Local Union No. 96 Pension Plan v. Pepper, 663 F.3d 210 (4th Cir. 2011).

With regard to other factors relevant to preliminary approval, there is no suggestion here of fraud or collusion. Class Counsel and defense counsel are among the most experienced ERISA lawyers in the country. Ellen Doyle filed the first 401(k) case involving a challenge to the prudence of investment in employer securities in 1997, years before the Enron case. Ms. Doyle was trial counsel in <u>DiFelice v. US Airways</u>, one of the handful of employer stock cases tried in this country. Her opposing counsel in that case was Charles Jackson of Morgan Lewis, one of the lawyers who represents Defendants defense here. This Court should be able to determine from the amount and quality of the motions practice that occurred before the settlement the vigor with which the parties litigated this matter before settlement.

Further, this case is highly complex. The Fourth Amended Complaint is 331 paragraphs in length, and the issues as to both liability and losses are challenging because they involve highly technical issues including the propriety of First Horizon's accounting provisions and allowance for loan and lease losses; the extent to which First Horizon's accounting was consistent with OCC guidance; the sufficiency of the models used for forecasting losses in specialized loan portfolios; the criteria used to select fund options by plan fiduciaries; and other matters. As for expense, these types of cases require the retention of expert witnesses as to both liability issues and the amount of losses. The parties have engaged in extensive discovery, both between themselves and with third parties, including the Office of the Comptroller of the Currency. Nearly one hundred thousand pages of discovery have been produced.

Class counsel is of the firm opinion that it is the proposed settlement is fair, reasonable, and adequate, and in the best interests of the Class. All Named Plaintiffs have been consulted, and are in agreement that the settlement is fair, reasonable, and adequate. There is no indication that absent class members will oppose this settlement, and the public interest in served because

all parties are satisfied with this resolution. The federal courts will be spared significant further litigation, including a trial that could last weeks and the inevitable appeals.

In addition, the Settlement is valuable and immediate for class members. The Class will receive $6 million in cash, less the cost of notice, settlement administration, attorneys' fees and expenses, taxes, case contribution awards, and one-half the cost of an independent fiduciary to evaluate the settlement. The cash received by the members of the Settlement Class is a concrete monetary benefit that will be paid to the Plan and allocated to class members' Plan accounts within a few months of final approval.

For all these reasons, the Settlement is fair, reasonable, and adequate.

### B.     The Court Should Modify the Class Definition

As part of the preliminary approval process required by Fed. R. Civ. P. 23, the Court should modify the definition of the conditionally certified class as set forth above and in Plaintiffs' Unopposed Motion for Certification of Subclasses (Dkt. #184). Plaintiffs herein incorporate the arguments made in their Memorandum in support of this motion (Dkt. #185). Further, for the same reasons as expressed in its June 3, 2011 Conditional Certification Order, the Court should appoint John Yost and Gerald Sanders as representatives of Subclass 1, Gerald Sanders as representative of Subclass 2, Joseph Wetegrove as representative of Subclass 3, and Anthony Smith as representative of Subclass 4, and Ellen M. Doyle and Stember Feinstein Doyle Payne & Kravec, LLC as counsel for the Class ("Class Counsel").

### C.     The Proposed Notice Plan Should Be Approved

#### 1.     The Proposed Form and Means of Notice Provide the Information Necessary to Apprise Class Members of the Nature of the Case and Their Rights

The proposed Class Notice, Exhibit 1 to the Proposed Order Granting Preliminary Approval, filed herewith, will fully inform class members about the lawsuit, the proposed

settlement and their rights related thereto.  Within 30 days of the parties' execution of the Settlement Agreement, Defendants shall have provided Class Counsel, in electronic format, the names and last known addresses of the Class members.  By no later than fifteen calendar days after entry of preliminary approval, a settlement administrator shall cause the Class Notice to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort.  By the same date, the settlement administrator shall have established a settlement website and a case specific toll-free telephone number with an interactive voice response (IVR) system which class members can call to obtain additional information regarding the Settlement and leave messages regarding the Settlement which will be directed to Class Counsel to handle as appropriate.

These procedures will help ensure the dissemination of adequate and reasonable notice and information consistent with standards employed in notification programs designed to reach unidentified members of the Settlement Class.  The Class Notice will provide potential Class members with contact information for Class Counsel.

### 2. The Proposed Notice Plan Meets the Requirements of Due Process

The Court must direct notice in a reasonable manner to all class members who would be bound by the proposal.  Fed. R. Civ. P. 23(e)(1).  In order to satisfy due process considerations, notice to Class members must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Here, Plaintiffs' proposed means of class notice meet these standards and, thus, satisfy the mandates of due process.  Plaintiffs believe that the combination of direct mail and an Internet website will result in a very high percentage of actual notice to affected participants and beneficiaries.

Here, the form and method of Class Notice satisfies all due process considerations and meets the requirements of Fed. R. Civ. P. 23(e)(1). The proposed Class Notice in plain English (i) describes generally the terms and benefits to be provided the Class and the binding effect of the Settlement, including releases given to Defendants; (ii) explains generally the Plan of Allocation; (iii) gives notice of the time and place of the fairness hearing; (iv) describes how an objection may be made to entry of the final approval order and the deadline for the filing of such objection; (v) describes how Class Counsel will apply to the Court for an award of attorneys' fees and expenses and the deadline for the filing of such application; and (v) describes how the Named Plaintiffs will apply to the District Court for case contribution awards, and the deadline for the filing of such application.

## D.     Proposed Schedule

If the Court is inclined to grant preliminary approval of the Settlement, the parties respectfully propose that the Court adopt the following schedule:

| Event | Time for Compliance |
|---|---|
| Deadline for mailing of Class Notice, and establishment of settlement website and settlement information telephone number | 15 calendar days after entry of preliminary approval order |
| Deadline for filing memorandum in support of final approval of settlement, and application for attorneys' fees, reimbursement of costs and expenses, and case contribution awards to named Plaintiffs | 30 calendar days before fairness hearing |
| Deadline for filing objections, appearance of counsel regarding objections, and notice of intention to appear at fairness hearing | 14 calendar days before fairness hearing |
| Fairness hearing | At least 75 days after the mailing of class notice and 90 days after mailing of notice required by Class Action Fairness Act |

If the proposed schedule is not convenient for the Court, the parties request that the Court use at least the same or greater intervals between each event listed in the proposed Preliminary Approval Order.

## V. CONCLUSION

For all the foregoing reasons, the Court should preliminarily approve the proposed class settlement and form of notice.

May 2, 2012

Respectfully submitted,

/s/ Ellen M. Doyle
Ellen M. Doyle (PA Bar 21854)
edoyle@stemberfeinstein.com
Edward J. Feinstein
efeinstein@stemberfeinstein.com
Pamina Ewing
pewing@stemberfeinstein.com
Stephen M. Pincus
spincus@stemberfeinstein.com
Joel R. Hurt
jhurt@stemberfeinstein.com
Maureen Davidson-Welling
mdavidsonwelling@stemberfeinstein.com

**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
T: 412.281.8400
F: 412.281.1007

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2012, the foregoing document was filed electronically with the Clerk of Court using the ECF system which will send notification of such filing to those persons registered in this case with the ECF system.

                                                   Respectfully submitted,

                                                 s/Ellen M. Doyle
                                                 Ellen M. Doyle