IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN YOST, GERALD L. SANDERS, JOSEPH WETEGROVE, and ANTHONY SMITH, individually, and on behalf of all others similarly situated, | Civil Action No. 08-02293 |
| | District Judge S. Thomas Anderson |
| Plaintiffs, | Magistrate Judge Charmiane G. Claxton |
| v. | |
| FIRST HORIZON NATIONAL CORPORATION *et al*. | |
| Defendants. | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MODIFYING CLASS DEFINITION, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the First Horizon National Corporation Savings Plan (the "Plan").

The terms of the settlement are set out in the Settlement Agreement fully executed as of April 3, 2012 (the "Settlement"), by counsel on behalf of the Plaintiffs and the Defendants.[1]

Pursuant to Plaintiffs' Motion for Preliminary Approval, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

1.  **Class Certification.**  By Order dated June 3, 2011, this Court conditionally certified this Action as a class action under FED. R. CIV. P. 23(b)(1) subject to the creation of subclasses for class members who had signed releases.  The Court certified two classes: (i) participants who invested in FHN Stock from January 1, 2006 to July 14, 2008; and (ii) participants who invested in the First Funds from May 9, 2002 to June 5, 2006.  Accordingly, on September 30, 2011, Plaintiffs filed a Fourth Amended Complaint ("Complaint") to add two new plaintiffs, Joseph Wetegrove and Anthony Smith, to serve as class representatives for the release subclasses, and, with Defendants' consent, moved for certification of the four subclasses.  The Court has yet to rule on Plaintiffs' Uncontested Motion for Certification of Subclasses.  (Dkt. # 184).

(a)  In connection with the Settlement, Plaintiffs have requested, and Defendants do not oppose, the modification of the class definition, as follows:

> The First Horizon Stock Subclass (Subclass 1):  Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release and whose accounts in the Plan were invested to any extent in First Horizon common stock between January 1, 2006 and July 14, 2008;
>
> The First Funds Subclass (Subclass 2):  Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release and whose accounts in the Plan were invested to any extent in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006;
>
> The First Horizon Stock/Release Subclass (Subclass 3):  Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested to any extent in First Horizon common stock between January 1, 2006 and July 14, 2008 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release; and
>
> The First Funds/Release Subclass (Subclass 4):  Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested to any extent in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006 and who signed

releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release.

(b)   Accordingly, the Court hereby adopts the class definition set forth in section 1(a) above under FED. R. CIV. P. 23(b)(1) (the "Class").

(c)   Further, for the same reasons as expressed in its June 3, 2011 Order, the Court appoints John Yost and Gerald Sanders as representatives of Subclass 1, Gerald Sanders as representative of Subclass 2, Joseph Wetegrove as representative of Subclass 3, and Anthony Smith as representative of Subclass 4, and Class Counsel as counsel for the Class.

2.   **Preliminary Findings Regarding Proposed Settlement**.  The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims; (iii) Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement—including the Plan of Allocation of the Distribution Amount set forth therein—is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class.  Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

3.   **Settlement Account**.  This Order preliminarily approves the establishment of the Settlement Account as an account intended to qualify as a qualified settlement fund pursuant to

section 468B of the Internal Revenue Code and applicable Treasury regulations. This Court shall have continuing jurisdiction over the Settlement Account.

4. **Fairness Hearing.** A hearing is scheduled for Thursday, September 13, 2012, at 11:00 a.m. (the "Fairness Hearing") to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable, and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether Class Counsel adequately represented the Class for purposes of entering into and implementing the Settlement;
- Whether the proposed Plan of Allocation should be approved; and
- Whether any application(s) for attorneys' fees, for reimbursement of costs and expenses, and/or for Case Contribution Awards to the Named Plaintiffs is fair and reasonable and should be approved.

5. **Class Notice.** The Plaintiffs have presented to the Court a proposed form of Notice (Exhibit B to the Settlement Agreement), appended hereto as Exhibit 1. The Court approves and finds that such form and the notice method proposed by the parties, consistent with due process, fairly and adequately: (i) describes generally the terms and benefits to be provided the Class and the binding effect of the Settlement and this Settlement Agreement, including releases given to Defendants; (ii) explains the Plan of Allocation; (iii) gives notice of the time and place of the Fairness Hearing; (iv) describes how an objection may be made to entry of the Final Approval Order and the deadline for the filing of such objection; (v) describes how Class Counsel will apply to the District Court for an award of attorneys' fees and for reimbursement of costs and expenses and the deadline for the filing of such application; and (v) describes how the Named Plaintiffs will apply to the District Court for Case Contribution Awards and the deadline for the filing of such application.

The Plaintiffs have proposed the following manner of communicating the notice to members of the Class, and the Court further finds that the proposed procedure comports with due process and provides the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- By no later than fifteen (15) calendar days after entry of this Order, the Settlement Administrator shall cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by notice via the Settlement Website and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort. Within thirty (30) calendar days of the Agreement Execution Date, Defendants shall confirm that they have (1) provided Class Counsel, in electronic format, the names and last known addresses of the Class members and timely respond to any reasonable written requests for accessible data in First Horizon's or the Plan trustee's/record keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce, or determine the administrability of a Plan of Allocation.

6. **Objections to Settlement**. Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and for reimbursement of costs and expenses, or to the request for Case Contribution Awards for the Named Plaintiffs may file an objection. An objector must file with the Court's Clerk a statement of his objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or

introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

Clerk of the U.S. District Court for the Western District of Tennessee
167 N. Main Street, Room 242
Memphis, TN 38103
The objection must refer prominently to John Yost, et. al v. First Horizon National Corporation, No. 08-02293 (W.D. Tenn.).

*To Class Counsel:*

Ellen M. Doyle, Esquire
Stember Feinstein Doyle Payne & Kravec, LLC
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219-1639

*To Defendants' Counsel:*

Sari. M. Alamuddin
Morgan, Lewis & Bockius, LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601

The objector or his counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than August 30, 2012. If an objector hires an attorney to represent him for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than August 30, 2012. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

7. **Appearance at Fairness Hearing**.  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court's Clerk by no later than August 30, 2012.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown.

8. **Notice Expenses**.  The expenses of providing all notices required hereby shall be paid from the Settlement Fund.

9. **Service of Papers**.  Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. **Termination of Settlement**.  This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of November 7, 2011, the day immediately before the Parties reached agreement to settle the Action, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

11. **Use of Order**.  This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach,

liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

12. **Jurisdiction.** The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

13. **Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing without further written notice.

14. **Litigation Barred Pending Settlement**. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Named Plaintiffs, all Class Members, and anyone acting on behalf of any Class member shall be barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue, or participate on an individual or class action basis

any action, claim, or proceeding which asserts any of the Released Claims against Defendants in any forum, or taking any action directly or indirectly which in any way would prevent any of the Released Claims from being extinguished.

SO ORDERED this 16th day of May, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE