## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN YOST, GERALD L. SANDERS, JOSEPH WETEGROVE, and ANTHONY SMITH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST HORIZON NATIONAL CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 2:08-02293-STA-cgc<br><br>District Judge S. Thomas Anderson<br><br>Magistrate Judge Charmiane G. Claxton |

**DECLARATION OF ELLEN M. DOYLE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS**

I, Ellen M. Doyle, respectfully submit this Declaration in support of Plaintiffs' Motion

for Final Approval of Class Action Settlement Agreement and Class Counsel's Motion for

Award of Attorneys' Fees and Expenses and Case Contribution Awards.

**Pursuant to 28 U.S.C. § 1746, I declare as follows:**

1.       I am a partner in the Pittsburgh, Pennsylvania law firm of Stember Feinstein

Doyle Payne & Kravec, LLP ("SFDPK"), and counsel for Plaintiffs and the Class in this matter.

See Order granting preliminary approval of proposed settlement (Dkt. #191) at 3.

2.       I have personal knowledge of the matters set forth herein based on my active

participation in all material aspects of this Action.

3.       The Final Approval hearing is scheduled for September 13, 2012.

4.       The settlement which has been reached in this action, on the terms set forth in the

Settlement Agreement, is the product of arm's-length negotiations between adverse, separately

represented parties under the auspices of the mediator, retired United States District Judge James Robertson, who previously served on the court for the District of Columbia for more than fifteen years.  There was no collusion or complicity of any kind in connection with the settlement now before the Court.

5.      I and the other principal attorneys who worked on this case have extensive experience in the litigation and settlement of complex class actions, including those involving breaches of fiduciary duties under ERISA.  I filed what I believe to be the first case alleging imprudent investment in a 401(k) Company Stock Fund in 1997, and have been named co-lead counsel in numerous class action cases challenging investments in employer securities in 401(k) plans and ESOPs.

6.      In reaching the Settlement, we considered the risks and uncertainties if this litigation were to continue.  Although we believe that the claims have substantial merit, this action involves complex legal and factual issues, as well as serious and ongoing risks as to proof of the merits, proof of causation of losses by the fiduciaries' conduct, and both the measure of and amount of losses attributable to the fiduciary breaches.  More specifically, if this litigation were to proceed, the parties would expend considerable time on further discovery, including numerous depositions, summary judgment motions, and likely at trial and on appeal.  Continued litigation would involve numerous complex legal and factual issues, such as which Defendants owed fiduciary duties to Class members; whether Defendants breached those duties; whether Plan fiduciaries knew or should have known that company stock was too risky to be offered or allowed as a Plan investment option; whether Defendants unlawfully selected the proprietary First Funds as a Plan investment option without employing a prudent selection process untainted by conflict; and whether and to what extent the Plan sustained damages as a result of Defendants' imprudence.  With due consideration of the multiple risks confronting the Plaintiffs,

we negotiated the $6 million settlement, concluding that the Settlement is a fair and reasonable recovery to the Plan and result for the Class.

7.      In connection with the approval of the Settlement, Plaintiffs are also seeking approval of an Amended Plan of Allocation, which was prepared in consultation with a financial expert and the Settlement Administrator based on participant data provided by Defendants. Based on loss estimates provided by Plaintiffs' expert, the Amended Plan of Allocation provides that eighty-five percent (85%) of the Distribution Amount will be allocated to the members of Subclass 1 and Subclass 3 (collectively, the "Stock Fund Class"). The remaining fifteen percent (15%) of the Distribution Amount will be allocated to the members of Subclass 2 and Subclass 4 (collectively, the "First Funds Class").

8.      Using methodology that has been adopted in other similar cases, the Stock Fund portion of the Distribution Amount will be allocated *pro rata* in accordance with the Stock Fund Class Members' net losses in the Stock Fund during the Stock Fund Class Period; the formula is set forth in the Amended Plan of Allocation. See Dkt. #193-1. The First Funds portion of the Distribution Amount will be allocated among the First Funds Class Members in accordance with their quarterly balances in the Capital Appreciation Fund, the Core Equity Fund and the Intermediate Bond Fund during the First Funds Class Period, according to procedures set forth in the Amended Plan of Allocation which account for the different level of losses attributable to each of the Funds and the timing of class members' investments in the respective Funds.

9.      Distributions to current Plan participants will be made by allocating recovery amounts into their individual Plan accounts, while distributions to former Plan participants will be made by reopening or creating a new account in the Plan to facilitate a tax-favored distribution to the Class Member. A $20.00 *de minimis* exception will be applied for Class

Members who no longer have account balances with the Plan at the time of final approval in light of the costs associated with reopening Plan accounts and effecting a distribution.

10.     We believe the Amended Plan of Allocation provides a simple, neutral and fair structure for allocation among Class Members.

11.     The Declaration of Daniel Rieck is attached hereto as Exhibit 4.

12.     I also submit this declaration to provide the Court with information regarding plaintiffs' application for an award of attorneys' fees and reimbursement of expenses as well as the Named Plaintiff Case Contribution Awards.

13.     This litigation was settled after extensive analysis and discovery conducted by Class Counsel with the realization that continued litigation of the Action would require substantial judicial resources and additional commitment of time and resources.  The principal legal activities of SFDPK in this litigation to date include:

- Researching and analyzing possible legal claims and drafting the complaint and amended complaints as well as oppositions to motions to dismiss, a motion for reconsideration of the Court's ruling on the motion to dismiss, a motion for summary judgment, and a motion for interlocutory appeal;

- Briefing Plaintiffs' motion for class certification, and thereafter formulating additional subclasses and securing additional plaintiffs to serve as class representatives for the subclasses, and amending the complaint and filing an amended motion for class certification;

- Conducting discovery, including preparing document requests and interrogatories to Defendants, and reviewing responses, more than 172,000 pages of documents received from Defendants and through third-party subpoenas;

- Responding to Defendants' discovery requests and interrogatories, preparing Plaintiffs for their depositions, and defending the depositions;

- Noticing and preparing to take the depositions of twelve Defendants (the depositions themselves were not taken due to the parties' settlement agreement);

4

- Retaining and working with four consulting experts in the areas of bank accounting, credit and banking practices, investment management, and losses in order to formulate claims, prepare discovery requests, analyze responses and documents, and establish proof;

- Arguing motions before the Court, including the motion to dismiss and Plaintiffs' motion challenging the assertion of the bank-examiner privilege;

- Working on settlement strategies and preparing for mediation, and participating in settlement negotiations both during the mediation session and outside of it;

- Analyzing, drafting and negotiating the settlement agreement; and

- Drafting the motions and briefs in support of settlement approval.

14.     Class Counsel's vigorous prosecution of the litigation and settlement negotiations with defense counsel led to a settlement that attains a substantial monetary payment of $6 million by Defendants into a settlement fund, which, after payment of all fees, expenses, costs of notice, costs of administration, case contribution awards and taxes, will be allocated to the Plan's participants.  We expect our role in this litigation will continue through the fairness hearing and until all funds have been disbursed to the members of the Class.

15.     In agreeing to the Settlement, the parties weighed the expense and length of the litigation necessary to take this matter through trial assuming we were successful on appeal against the likelihood of obtaining a better result by any judgment obtained after trial and a possible further appeal.  Having vast experience litigating and negotiating settlements in similar ERISA class actions, Class Counsel determined that the Settlement benefits achieved for the Plan and the Plan's participants now constitute an excellent resolution of the Action and thus warrant not only approval of the Settlement itself but the requested fee and expense award.

16.     Attached to this Declaration as Exhibit 1 is a summary of the legal professional time expended by SFDPK in this Action.  This summary indicates the amount of time spent by each SFDPK professional who was involved in this litigation, and the lodestar calculation is

based on SFDPK's current hourly rates. Exhibit 1 reflects that, from the inception of this case through July 31, 2012, SFDPK performed 7675.45 professional hours of work in connection with the Action, and that the total lodestar for SFDPK is $2,620,380.85.

17.     The time and services provided by my firm for which fees are sought are reflected in contemporaneously maintained records of my firm, which we will make available to the Court upon request. Hourly rates are based on the assessment by the firm's partners as to the value of their rates in the market place, the hourly rates awarded them in other cases, and their review of the hourly rates of comparable firms and attorneys performing comparable work. All of the services performed by my firm in connection with this litigation were reasonable and necessary in the prosecution of this case. No time is included in the fee petition for work in connection with the fee and expense application and accompanying documents, including this Declaration.

18.     Attached hereto as Exhibit 2 is a summary of SFDPK's expense records, which reflect that the firm has thus far expended $175,780.06 in unreimbursed costs and expenses on behalf of the Class. The expenses incurred in this action are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records and other materials, and are an accurate contemporaneous recordation of the expenses incurred.

19.     I have reviewed the time, costs and expenses submitted and believe that they accurately report such time, costs and expenses contemporaneously recorded on the books of SFDPK.

20.     Class Counsel has not received any compensation for any of their time or reimbursement of their expenses during the pendency of the litigation. All time was expended on a contingent basis.

21.     Class Counsel submit that the time they expended was appropriate and reasonable in order to effectuate a recovery for the Plan and Class members in this action. I supervised the work in

this litigation.  Class Counsel delegated work to paralegals, associates, and law students when possible.  Class Counsel were able to draw on their substantial experience in pursuing ERISA fiduciary breach class actions in order to reduce the amount of time spent on pleading and briefing certain complicated ERISA and related issues that they had plead and briefed or written about before and avoid duplication of efforts.

22.   Attached hereto as Exhibit 3 is a summary of biographical information regarding the firm of SFDPK and the primary legal professionals from SFDPK who worked on this case.

23.   The Named Plaintiffs in the litigation also played an important role and should receive case contribution awards.  The Named Plaintiffs regularly communicated with us regarding the status and progress of the case and provided us with necessary information and their time. Plaintiffs Joseph Yost and Gerald Sanders had their depositions taken, and each responded to document requests and interrogatories served by Defendants.  Plaintiffs Joseph Wetegrove and Anthony Smith stepped forward and joined this action to represent the release subclasses following the Court's conditional class certification order, thereby enabling the release subclasses to remain in the action and ultimately share in the recovery obtained on behalf of the Class.

24.   Attached hereto as Exhibit 5 is the report of independent fiduciary Nicholas Saakvitne.

25.   Pursuant to 28 U.S.C. § 1746, I, Ellen M. Doyle, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.


Date: August 14, 2012

Ellen M. Doyle