# EXHIBIT 5

NICHOLAS L. SAAKVITNE
A LAW CORPORATION

NICHOLAS L. SAAKVITNE
ATTORNEY, ERISA FIDUCIARY

STEVEN E. ROSEBAUGH
ADMINISTRATOR & BUSINESS MANAGER

532 COLORADO AVENUE, SECOND FLOOR
SANTA MONICA, CALIFORNIA 90401-2408
(310) 451-3225    FAX (310) 451-9089
E-MAIL saaklaw@aol.com
www.erisafiduciary.com

MICHELINE HIMES
ORPHAN PLANS COORDINATOR

SHARON L. HERITAGE
BENEFITS COORDINATOR
(877) 385-9111

ERISA FIDUCIARY SERVICES * EMPLOYEE BENEFITS LAW

August 14, 2012

Sari M. Alamuddin, Esq.
John R. Richards, Esq.
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, Illinois   60601-5094

Ellen M. Doyle, Esq.
Joel R. Hurt, Esq.
Stember Feinstein Doyle & Payne, LLC
Allegheny Building,  17th Floor
429 Forbes Avenue
Pittsburgh, PA   15219

> Re:  **Report of Independent Fiduciary For _JOHN YOST et al. v. FIRST HORIZON NATIONAL CORPORATION, et al._, Case No. 2:08-02293-STA-cgc (United States District Court, Western District of Tennessee) (the "Litigation") Approving Settlement Agreement and Release**

Dear Counsel:

By Fiduciary Services Agreement dated June 28, 2012, I was engaged by First Horizon National Corporation ("First Horizon"), which maintains or maintained the First Horizon National Corporation Savings Plan (the "Plan") to act as Independent Fiduciary on behalf of the Plan to review the Settlement Agreement and Release dated April 2, 2012 (the "Settlement"), to determine whether to approve it on behalf of the Plan, including giving the Plan's release of claims set forth in the Settlement (effective once the Final Order approving the Settlement by the Court becomes final).

Page 2

Such role constitutes:

- that of Named Fiduciary in accordance with the provisions governing plan Fiduciaries contained in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and

- that of an acknowledged plan Fiduciary on behalf of the Plan, in accordance with the provisions of Prohibited Transaction Class Exemption 2003-39, as amended ("PTCE 2003-39").

I have extensive experience in serving as an ERISA Independent Fiduciary, including in connection with class action litigation. A statement of my credentials is attached to this Report.

Consistent with the requirements of PTCE 2003-39: (1) neither I nor my law corporation has any relationship to, nor interest in, any of the parties to the Litigation (including the Plan and Plan participants) that might affect the exercise of my best judgment as Independent Fiduciary; (2) the terms of the Settlement are described in a written settlement agreement; (3) I have acknowledged in writing that I am a Fiduciary with respect to the Settlement on behalf of the Plan; and (4) I will maintain or cause to be maintained for a period of at least six years the records described in PTCE 2003-39. I affirm the existence of a genuine controversy involving the Plan, reflected by the Litigation and the Settlement; and (as set forth herein) I confirm that the conditions of PTCE 2003-39 are satisfied with respect to the Settlement.

## *SUMMARY OF FACTS*

The Plan is a participant-directed 401(k) plan, permitting employee deferrals and providing matching contributions. During the class period, the Plan provided participants with up to eleven different investment alternatives (chosen by the Plan's investment fiduciaries), including money market funds, mutual funds (including, until June 5, 2006, the First Funds (a family of First Horizon's proprietary mutual funds) and the First Horizon Stock Fund (comprised primarily of First Horizon common stock and meeting the requirements of an Employee Stock Ownership Plan under ERISA). Matching contributions were made to the First Horizon Stock Fund and in some circumstances only with respect to employee deferrals invested in the First Horizon Stock Fund; participants could change their investments without restriction (both for existing investments and new contributions).

Page 3

An initial complaint was filed on May 9, 2008 alleging violations of ERISA and seeking to recover losses to the Plan; Plaintiffs are four participants in the Plan, asserting class action claims on behalf of four classes of Plan participants. * The Defendants are First Horizon, First Tennessee Bank N.A., Highland Capital Management Corporation, Martin & Company, Inc., two committees alleged to have been responsible for administering and choosing the investment funds for the Plan, and 38 present or former officers, directors, and employees of First Horizon.

Plaintiffs claimed that First Horizon Stock was imprudently offered as a retirement investment in the Plan between January 1, 2006 and July 14, 2008 (due to changes in First Horizon's business practices and loan portfolio, prior to and during such period); and that the Defendants failed to provide complete and accurate information to participants concerning First Horizon Stock and its exposure to portfolio losses. Plaintiffs also claimed that the Defendants offered the First Funds as investment options in the Plan between May 9, 0022 and June 5, 2006, not because the funds were prudent retirement investments, but rather because doing so generated fees and benefits to First Horizon and its affiliates.

Defendants have denied Plaintiffs' assertions, and have vigorously defended the Litigation. Following the filing of many pleadings and multiple Court Orders dismissing certain claims but refusing to dismiss others (without a trial), and extensive discovery, counsel for the parties conducted extensive negotiations for settlement including two mediations, ultimately resulting in the April 2, 2012 Settlement.

---

\*       *The settlement subclasses include all current and former participants (or beneficiaries) in the Plan (a) for whose individual accounts the Plan purchased and/or held interests in First Horizon Stock at any time during the period January 1, 2006 to July 14, 2008, inclusive; or (b) whose individual accounts in the Plan held interests in any of the First Funds at any time during the period May 29, 2002 to June 5, 2006, inclusive. Individual Defendants [Gerald L. Baker; J. Kenneth Glass; Simon F. Cooper; James A. Haslam, III; Colin V. Reed; Mary F. Sammons; Robert B. Carter; R. Brad Martin; Vicki R. Palmer; William B. Sansom; Robert C. Blattberg; Michael D. Rose; Luke Yancy III; Jonathan P. Ward; George E. Cates; Robert E. Ellis; Thomas C. Adams, Jr.; Rhomes Aur; Kenneth R. Bottoms; Charles G. Burkett; John M. Daniel; Ann Fite; James F. Keen; Gerald Laurain; Peter Makowiecki; Larry B. Martin; Sarah Meyyerrose; Marlin L. Mosby, III; Elbert L. Thomas, Jr.; William E. Weaver, Jr.; Alvenia Cunningham; Bonnie Zovvola; Bruce Hopkins; Karen Kruse; Deborah McDonald; Sandy Ragland; Karen Sones; Will Taylor; and their parents, children, siblings and spouses] are excluded from receiving any allocation in the Settlement.*

Page 4

## *TERMS OF SETTLEMENT*

The Settlement, if finally approved by the Court:

- certifies the Litigation as a non-opt out class action;

- provides a $6,000,000.00 cash settlement amount, paid by or on behalf of First Horizon, of which 85% will be allocable to First Horizon Stock Fund claims and 15% to the First Funds (First Horizon's proprietary mutual or money market funds) claims;

- provides that certain expenses will be paid from the settlement fund, as follows:

    - the costs of providing notice to class members;

    - any taxes incurred by the settlement fund;

    - the costs of administering the settlement fund;

    - one-half ($7,500.00) of the Independent Fiduciary's fees for review of the Settlement; and

    - such class counsel fees and expenses and case contribution compensation (up to $7,500.00 per each of the four named Plaintiffs) as may be awarded by the Court, with fees not to exceed 30% of the settlement fund.

- net of such expenses, the settlement amount (likely to be approximately $4,000,000.00) shall be allocated to class member participants, in accordance with the (amended) Plan of Allocation.

## *INDEPENDENT FIDUCIARY DUE DILIGENCE*

In reviewing the matters set forth above and the reasonableness of the Settlement as a comprehensive settlement of the claims asserted (and any others that could be anticipated), taking into consideration the Plan's likelihood of full recovery, the amount of attorney's fees and other costs and expenses to be paid from the recovery, the risks and costs of litigation, and the value of claims foregone, I discussed the claims, their bases, potential problems with the Litigation and specifics of the Settlement and attorney's fees and expenses, with:

Page 5

- Ellen M. Doyle, Esq. and Joel R. Hurt, Esq. Of STEMBER FEINSTEIN DOYLE & PAYNE, LLC, Lead Counsel for Plaintiffs; and

- Sari M. Alamuddin, Esq. and John R. Richards, Esq. Of MORGAN, LEWIS & BACKIUS LLP, Counsel for Defendants

My review included without limitation the following documents:

*JOHN YOST, et al., v. FIRST HORIZON NATIONAL CORPORATION, et al., [United States District Court Western District of Tennessee]*

- Class Action Complaint [1]

- [First] Amended Class Action Complaint [29]

- Defendants' Motion to Dismiss Portion of the Amended Complaint [41]

- Defendants' Motion for Summary Judgment on Portions of the Amended Complaint [43]

- Plaintiffs' Brief Re 56(f) Motion [61]

- Defendants' Memorandum of Law in Opposition to Plaintiffs' 56(f) Motion [67]

- Plaintiffs' Reply Brief [68-2, 70]

- Orders Re Discovery [76, 80]

- Plaintiffs' Opposition to Defendants' Motion for Partial Dismissal [85]

- Defendants' Reply Memorandum [90]

- Order Granting in Part, Denying in Part Defendants' Motion to Dismiss [93]

- Plaintiffs' Answer and Defenses to Amended Complaint [97]

- Defendants' Motion for Reconsideration of the Court's Order [105]

Page 6

- Plaintiffs' Response to Defendants' Motion for Reconsideration [108]

- Defendants' Reply Memorandum [113]

- Second Amended Class Action Complaint [114]

- Order Denying Defendants' Motion for Reconsideration [117]

- Defendants' Answer and Defenses to Plaintiffs' Second Amended Class Action Complaint [120]

- Plaintiffs' Amended Motion for Class Action Certification [123]

- Third Amended Class Action Complaint [134]

- Defendants' Answer and Defenses to Third Amended Class Action Complaint [137]

- Defendants' Memorandum in Opposition to Plaintiffs' Amended Motion for Class Certification [138]

- Plaintiffs' Reply in Support of Amended Motion for Class Certification [143]

- Order Conditionally Granting in Part, Denying in Part Plaintiffs' Amended Motion for Class Certification [147]

- Fourth Amended Class Action Complaing [175]

- Defendants' Confidential Mediation Brief [10/31/11]

- Plaintiffs' Confidential Mediation Statement [11/1/11]

- Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement; Modification of Class Definition; Approval of Form and Manner of Class Notice and Setting Date for Final Approval Hearing [189]

- Plaintiffs' Brief in Support of Plaintiffs' Motion [190]

- Settlement Agreement [4/2/12]

- Plan of Allocation and Amended Plan of Allocation [189-5, 193]

- Order Granting Preliminary Approval of Class Action Settlement, Modifying Class Definition, Approving Form and Manner of Class Notice and Setting Date for Hearing on Final Approval of Settlement   [191]

- Objection to Settlement filed by Suzanne M. Russell   [192]

- Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement [8/14/12 Draft]

\* \* \* \* \*

- Prohibited Transaction Class Exemption 2003-39 and June 15, 2010 Amendment to Class Exemption (PTE 2003-29)

- ERISA Class Action Settlements & Attorney Fees (Fiduciary Counselors) www.erisasettlements.com

- Griffin v. Flagstar Bancorp, Inc.   (6th Cir. 7/23/12)

## SUMMARY OF CONCLUSIONS

*The Settlement is reasonable and provides a substantial recovery in the aggregate to participants and beneficiaries taking into account the likelihood of full recovery by the Plan, the amount of attorney's fees and other costs and expenses to be paid from the recovery, the risks and costs of litigation and the value of the claims foregone.*

*1.   **Stock Fund Claims.** While the net recovery to the Plan participants will be short of the total losses suffered due to the decline in value of the First Horizon National Corporation shares subsequent to the January 1, 2006 class period beginning date (and the parties disagree strongly about the legal and factual bases for any claim for recovery of such losses), the recovery is reasonable and the Settlement attractive for the Plan based on: (a) its all cash nature; (b) the limited success plaintiffs generally have achieved with stock drop class actions of this type, with average settlements often less than 10% of the amount claimed and defense verdicts for cases that have proceeded to judgment, especially*

Page 8

*for stock accounts subject to participant direction such as the Plan's; and ( c ) significant factual and legal issues remaining both as to whether Plaintiffs could prove their case and the amount of damages which they could establish.*

    2.    *<u>First Fund Claims</u>. While the settlement amount allocable to these claims is relatively small ($900,000.00 prior to attorney's fees and expenses), in my view it is reasonable given the strong defenses raised by the Defendants (including factual issues and legal defenses including statute of limitation defenses). In my opinion based on the record to date and with the issues that Plaintiffs would need to prevail on at trial to achieve a more significant ultimate recovery, the settlement amount is reasonable even though it results in a small average recovery per affected participant.*

    3.    *<u>Attorneys fees and Case Contribution Compensation</u>. These matters are typically within the purview of the Court and are subject to Court approval; as Independent Fiduciary I believe the $1,800,000.00 [30.0%] anticipated attorney's fee request is reasonable based on the efforts expended, the work still remaining to be done, and most importantly the positive results achieved for the Plan, especially when compared with the similar percentage attorney's fees often awarded in these types of actions (see <u>www.erisasettlements.com</u>).*

*I do not view the case contribution compensation (up to $7,500.00 for each of the four named Plaintiffs) as material in the context of the Settlement.*

## DISCUSSION

The Settlement Agreement and Release and the Notice of Class Action Settlement, as well as prior pleadings and Orders (including the June 3, 2011 Order Conditionally Granting in Part, Denying in Part Plaintiffs' Amended Motion for Class Certification), describe in detail the history of the Litigation, the underlying claims and possible defenses, the damages claimed by Plaintiffs, the substantial mediation and negotiation process which culminated in the Settlement, and the releases to be issued as a part thereof.

The parties are in fundamental disagreement as to all aspects of the core "imprudent investment and misrepresentation" claims and regarding the First Fund claims.

The Defendants have continued to deny all wrongdoing and challenge both the factual and legal underpinnings to plaintiffs' claims. In the absence of the Settlement, the Litigation

Page 9

would have been ongoing, hardfought and risky for an extended period of time. While Plaintiffs have survived class certification and other preliminary proceedings, in order to prevail in the Litigation, Plaintiffs would have had to prove the necessary components of their case over strong defense arguments, win at trial, and survive inevitable post-trial motions and appeals. Each stage of the proceedings would have involved considerable risk for Plaintiffs, and it likely would have been several years at least until Plaintiffs could have hoped to obtain a final judgment in their favor.

Under these circumstances, given the hurdles Plaintiffs still would have to overcome and the absence of success achieved by plaintiffs generally to date with such stock drop class actions that have gone to final verdict (especially those with: (a) plan sponsors that have survived the recent recession rather than being forced into bankruptcy; and (b) participant-directed investments), I believe the Settlement to be appropriate and advantageous to the Plan participants and beneficiaries.

The fact that it is an all cash Settlement increases its attractiveness to the Plan participants and beneficiaries.

There have been no substantive objections with respect to the Settlement (the one objection to date is best characterized as an objection to class action litigation generally), which suggests that the participants find it satisfactory.

With respect to claims foregone, while the releases in the Settlement are broad, it does not appear to me that there are meaningful claims not yet asserted which the Settlement will block.

In sum, I find the Settlement both reasonable and in the best interests of the Plan and Plan participants and beneficiaries.

I believe the attorney's fee requested to be reasonable given the Settlement.

Accordingly:

(1) As previously stated, I affirm the existence of a genuine controversy involving the Plan;

(2) I believe that the Settlement is reasonable in light of the likelihood of full recovery by the Plan, the amount of attorney's fees and other costs and expenses to be paid from the recovery, the risks and costs of litigation, and the value of claims foregone;

(3) I conclude that the terms and conditions of the Settlement are not less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances;

(4) The Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest to the Plan; and

(5) The Settlement satisfies the conditions for the application of PTCE 2003-39.

*In sum, I believe that the Settlement is a reasonable and attractive settlement for the Plan and I hereby approve it as Independent Fiduciary acting on behalf of the Plan and authorize the Plan to participate in the Settlement, including the Plan releases in the Settlement.*

### RELEASE

Pursuant to Sections 3.2(a) and 3.1 of the Settlement, upon the *Effective Date*, Nicholas L. Saakvitne as Independent Fiduciary of the Plan, on behalf and in the name of the *Plan* (or its successors) shall and hereby does conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plan* shall, by operation of the *Final Judgment*, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Released Parties* from all *Released Claims*.

[All italicized terms in this Release to have the meanings set forth in the Settlement Agreement]

NICHOLAS SAAKVITNE
Independent Fiduciary of
EMPLOYEE BENEFIT PLAN
532 Colorado Avenue 2nd Floor
Santa Monica, CA 90401-2408

Sincerely,

NICHOLAS L. SAAKVITNE
Independent Fiduciary for the
First Horizon National Corporation
Savings Plan

Enclosure

# NICHOLAS L. SAAKVITNE
### A LAW CORPORATION

**NICHOLAS L. SAAKVITNE**
ATTORNEY, ERISA FIDUCIARY

**STEVEN E. ROSEBAUGH**
ADMINISTRATOR & BUSINESS MANAGER

532 COLORADO AVENUE, SECOND FLOOR
SANTA MONICA, CALIFORNIA 90401-2408
(310) 451-3225    FAX (310) 451-9089
E-MAIL saaklaw@aol.com
www.erisafiduciary.com

**MICHELINE HIMES**
ORPHAN PLANS COORDINATOR

**SHARON L. HERITAGE**
BENEFITS COORDINATOR
(877) 385-9111

ERISA FIDUCIARY SERVICES * EMPLOYEE BENEFITS LAW

## *Statement of Credentials of Independent Fiduciary*

Nicholas L. Saakvitne [N.Y.U. School of Law J.D. 1976, L.L.M. in Taxation 1977; Fellow, American College of Employee Benefits Counsel] has been an ERISA attorney for more than 30 years. Since 1997, he has acted as an ERISA fiduciary for employee benefit plans, and such fiduciary service now comprises substantially all of his practice.

Serving as Trustee and Independent Fiduciary to coordinate the termination of orphan retirement plans (working closely with the EBSA division of the U.S. Department of Labor and, for defined benefit pension plans, with the Pension Benefit Guaranty Corporation), he has served as fiduciary for more than 500 plans and has overseen more than $1 billion of plan benefit payments/direct rollovers. Mr. Saakvitne has been appointed as a plan fiduciary by many Federal courts, and on occasion by California state courts.

Mr. Saakvitne has served as Trustee and Independent Fiduciary for 100 Employee Stock Ownership Plans over the past 15 years, on an ongoing basis for active plans, and to negotiate stock purchase or stock/asset sale transactions, or to approve settlements or review other ESOP fiduciary transactions. **ESOP fiduciary service now is the majority of his practice, and he currently serves as Trustee for more than 50 ESOPs in 11 states.**

On many occasions, Mr. Saakvitne has acted as Independent Fiduciary for retirement plans to review and approve Class Action ERISA litigation settlements and/or to revive plans for purposes of coordinating distribution of settlement proceeds, working with nationally recognized members of the plaintiff's Bar and established defense counsel.

He has also been approved as Independent Fiduciary for several Prohibited Transaction Exemptions issued by the National Office of the U.S. Department of Labor.

\* \* \* \* \*