# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN YOST, GERALD L. SANDERS, JOSEPH WETEGROVE, and ANTHONY SMITH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FIRST HORIZON NATIONAL CORPORATION *et al*.<br><br>Defendants. | Civil Action No. 08-02293<br><br>District Judge S. Thomas Anderson<br><br>Magistrate Judge Charmiane G. Claxton |

## FINAL ORDER AND JUDGMENT

And now this 13th day of September, 2012

(a) Upon consideration of all documents filed in support of (i) Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement (the "Final Approval Motion") and Motion for Order Granting Preliminary Approval of Class Action Settlement, Modifying Class Definition, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (the "Preliminary Approval Motion") (collectively, the "Motions"); (ii) the proposed Plan of Allocation; and (iii) the single objection filed to granting the relief requested in the Motions;

(b) the Court having entered on May 16, 2012, its Order Granting Preliminary Approval of Class Action Settlement, Modifying Class Definition, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (the "Preliminary Approval Order");

1

(c) the Court having received declarations attesting to the mailing of Class Notice in accordance with the Preliminary Approval Order, and the Court having been advised that Nicholas L. Saakvitne, the Independent Fiduciary retained by the Parties to review the Settlement on behalf of the Plan, has given its approval to the Settlement; and

(d) a hearing having been held before this Court on September 13, 2012 (the "Fairness Hearing") (i) to determine whether to grant final approval to the Settlement; (ii) to determine whether to approve of the Amended Plan of Allocation (hereafter "Plan of Allocation"); and (iii) to rule upon such other matters as the Court might deem appropriate,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and undefined terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") executed by Named Plaintiffs and Defendants through their counsel.

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

2. By Order dated June 3, 2011, this Court conditionally certified this Action as a class action under FED. R. CIV. P. 23(b)(1) subject to the creation of subclasses for class members who had signed releases. The Court certified two classes: (i) participants who invested in FHN Stock Fund from January 1, 2006 to July 14, 2008; and (ii) participants who invested in the First Funds from May 9, 2002 to June 5, 2006.

3. By its Preliminary Approval Order, this Court adopted the following modified class definition for the certified class (the "Class"):

> The First Horizon Stock Subclass (Subclass 1): Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release

and whose accounts in the Plan were invested to any extent in First Horizon common stock between January 1, 2006 and July 14, 2008;

The First Funds Subclass (Subclass 2): Participants in and beneficiaries of the Plan, excluding Defendants, who did not sign a release and whose accounts in the Plan were invested to any extent in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006;

The First Horizon Stock/Release Subclass (Subclass 3): Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested to any extent in First Horizon common stock between January 1, 2006 and July 14, 2008 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release; and

The First Funds/Release Subclass (Subclass 4): Participants in the Plan, excluding Defendants, whose accounts in the Plan were invested to any extent in First Horizon's proprietary mutual or money market funds—the First Funds—between May 9, 2002 and June 5, 2006 and who signed releases, and persons who are Plan beneficiaries as a result of their relationship with a participant who signed a release.

4. Further, the Court in its Preliminary Approval Order appointed John Yost and Gerald Sanders as representatives of Subclass 1, Gerald Sanders as representative of Subclass 2, Joseph Wetegrove as representative of Subclass 3, Anthony Smith as representative of Subclass 4, and Class Counsel as counsel for the Class.

5. In accordance with FED. R. CIV. P. 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement Agreement and the Plan of Allocation, as well as of Class Counsel's application for an award of attorneys' fees, and for reimbursement of costs and expenses, and for case contribution awards to the Named Plaintiffs, such notice having been carried out in accordance with the Preliminary Approval Order. The notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best notice practicable; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear

at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

6. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

7. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and more particularly finds:

   a. The Settlement was negotiated vigorously and at arm's-length by counsel for the Defendants, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Class;

   b. This Action settled after Defendants' motion to dismiss, which was denied by the Court in part and granted in part, and after the Named Plaintiffs' motion for class certification, which was granted. The Settlement was reached following arm's-length negotiations among counsel, all of whom were thoroughly familiar with this litigation. Named Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

   c. If the Settlement had not been achieved, Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

   d. The amount of the Settlement is fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases;

   e. At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class; and,

        f.      The Court has duly considered any objections to the Settlement that were filed.

      8.      The Plan of Allocation is approved as fair and reasonable. Class Counsel shall direct the Settlement Administrator to deposit the Distribution Amount into the Plan and to provide the Plan with the information necessary to allocate to each Class Member's Plan account his or her Final Recovery as determined in accordance with the Plan of Allocation, as soon as is practicable after the Effective Date of the Settlement. Defendants shall direct the Plan Administrator to distribute the Distribution Amount to Class Member's Plan accounts in accordance with the information provided by the Settlement Administrator.

      9.      The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

      10.      The Court has approved the following Release as set forth in Section VI of the Settlement Agreement:

> ***Release***. Upon the Effective Date, Releasors, on behalf of themselves, their predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall be forever enjoined from the prosecution of, each and every Released Claim, against any and all of the Released Parties; provided, however, that nothing herein is meant to bar: (i) any claim seeking enforcement of this Agreement or court orders relating to it; or (ii) any ERISA Section 502(a)(1)(B) claim for vested benefits by any participant or beneficiary of the Plan to the extent such claims are not covered by the Released Claims.
>
> Upon the Effective Date, Defendants shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge Named Plaintiffs, the Class, and Plaintiffs' Counsel from any and all claims relating to the institution or prosecution of the Action or relating to the Settlement of any of the Released Claims.

      a.      "Released Claims" in turn are defined to mean: any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown (including Unknown

Claims), and whether anticipated or unanticipated, of whatever kind and nature, character, and description—whether legal, statutory, equitable, or of any other type or form, whether under federal or state law, and whether brought in a representative or any other capacity—that were asserted in, arise out of, or are related to the subject matter of the Complaint.  The released claims include all claims meeting this description under all applicable statutes, regulations, or common law.

11.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.  The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of expenses, submitted pursuant to the Settlement Agreement.

12.     In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of November 7, 2011, the day immediately before the Parties reached agreement to settle the Action.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

13.     This Final Order and Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach, or liability.  Defendants specifically deny any such fault, breach, liability, or wrongdoing.  This Final Order and Judgment is not

admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Final Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable.  This Final Order and Judgment shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken there under shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

14.   Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

SO ORDERED this 13th day of September, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE